CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court:
William Reed, father of appellant, Minerva, in the year of 1843, intending to convey a tract of two hundred acres of land to her and her bodily heirs, through mistake conveyed it to her then husband, J. A. Hagan, and hia heirs. The husband died testate, leaving appellee, Mary J., and her brother, who died intestate and without issue in minority, as his only children and heirs-at-law, and devised his estate to them and his surviving wife.
The widow subsequently married Urbine Speak, and had by him seven children. Her father died after she *312 had several children by her second husband. After her father’s death she and her husband brought suit to have the deed of her father to her first husband reformed, so as to conform to his intentions, to which appellee, Mary J., was made a defendant, and the other children also parties.
Mary J. Hagan was still of non-age when the decree reforming the deed in said suit was rendered; after arriving at full age, and within the time allowed by law, she and her husband, Thos. R. Mattingly, filed a petition to open and set aside said decree, to which her mother and half brothers and sisters were made parties, in which she asserted entire ownership of the land after the expiration of her mother’s life interest to one half under her father’s will.
Subsequently to the filing this petition, and within the time allowed by law, she and her husband prosecuted an appeal to this court to reverse the decree rendered in favor of her mother and half brothers and sisters, but which this court affirmed.
After the affirmance Mrs. Speak and her children by her then deceased husband, Speak, put in an amended answer to the petition of Mattingly and wife, and set up the affirmance of the original decree as a defense in bar, but which the court overruled, and subsequently opened the decree and set it aside, and dismissed the suit to reform the deed; and Mrs. Speak and her children by her last husband now seek a reversal of that judgment.
The first question to be determined is, whether Mat-tingly and wife are concluded by their appeal and the affirmance of the first decree, after they had filed their petition to open it, and subsequently to Mary J. Mat- *313 tingly’s arrival at full age, from setting up any matter which was or could have been heard upon said appeal.
By the provision in section 421, Civil Code, infants, “ within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment " as may have been rendered against them.
In McLean vs Nixon (18 B. Mon., 775), this court held, that, “ under the Code of Practice, a judgment which has been affirmed by this court, or which has been entered in pursuance of its mandate, may, no doubt, be vacated by a petition'in the circuit court; but it can only be done for some of the causes enumerated in section 579, Civil Code, and for such errors as could not be noticed by this court.”
And as the court therein said: “A bill of review was not, under the former practice, barred by an affirmance in this court, nor was a party precluded from filing it on the ground that the decree in the court below had been rendered in conformity with the mandate of this court. But in such cases, no error could be relied upon that might have been presented to and decided by this court. A bill of review might, however, be maintained upon newly discovered facts, or the recent discovery of written testimony of a permanent and unerring character. " (Singleton vs. Singleton, 8 B. Mon., 367; Bush vs. Modena's heirs, 14 B. Mon., 213.)
When Mattingly and wife by appeal sought the judgment of this court and obtained it, and its mandate was entered in the lower court, it was a judgment after she. had arrived at age, and must stand, unless reviewed for some of the causes specified in section 579, and upon the proceedings as in section 581, Civil Code.
This judgment of the appellate court, and the circuit court in pursuance therewith, could not be affected or *314 vacated by the proceedings of Mattingly and wife to open the original decree because of her non-age; even if it were opened, still'there would be the subsequent judgment upon their appeal unopened, and which could only be retried, as before said, for causes arising subsequently, as prescribed in sections 579 and 581, Civil Code. Nor can this conclusion be avoided by saying that no judgment in the lower court was rendered on the affirmance ; for if this be true, still the affirmance stands as the subsequent judgment of this court, and is as effectual as if the court below had properly rendered judgment thereon, which it should yet do.
And this view of the case shows the just application of the principle heretofore decided -by this court as to nonresident’s right to open a decree within five years; yet if, instead of applying for a re-trial within five years, as prescribed in section 445, Civil Code, as to all defendants constructively summoned, they should appeal to this court, that would be an appearance, and a judgment thereon precludes them from reopening the original judgment upon constructive service, because there is now a judgment upon actual appearance. In other words, the law allows them alternate remedies to retry the cause — 1. By proper proceedings in the court below; 2. By an appeal to this court; but not by both remedies and the two courts at the same time. (Salter vs. Dunn, 1 Bush, 311.)
Had Mrs. Mattingly first sought the judgment of this court upon the first decree, before the expiration of her non-age, and before she and her husband proceeded to reopen and retry the cause in the lower court, she likely would not be barred b)' the affirmance; but, as after she and her husband had commenced such proceedings, they prosecuted an appeal to this court, which affirmed the decree, and which affirmance is the subsequent judgment of *315 a court having jurisdiction, and also a subsequent judgment of the court below, if it has entered the proper order on the mandate of this court, she and her husband are barred by these latter judgments until proper proceedings are taken to annul them.
Whatever may have been the rights of Mrs. Speak and her children by her last husband to have had the appeal abated because of the pending suit of Mattingly and wife, yet, as they did not seek its abatement,.it must now be regarded as fully as efficacious as if no such suit had been pending.
The subject-matter of litigation, and the issues in the two suits, are precisely the same; that is, the alleged mistake in the original deed, the evidence introduced in the last suit, is of the same precise character; that is, facts detailed from the recollection of witnesses, and not written or more permanent evidence; the witnesses and facts detailed are more numerous, but this is only cumulative evidence.
Wherefore, the judgment is reversed, with directions to dismiss the proceedings of Mattingly and wife to have a retrial of the original decree.
Note. — See Mattingly and wife vs. Speak, &c. — next case after this.