JUDGE PETERS
delivered the opinion oe the court.
This case was heretofore in this court on a former appeal, when the judgment was reversed, and at the November term, 1869, of the Jessamine Circuit Court appellee presented the mandate and moved the court to have the same entered, and for a judgment in conformity thereto.
The mandate is in the following words: “ For the errors herein pointed out alone the judgment is reversed on the original and cross-appeals, and the cause is remanded with directions to correct the judgment as herein indicated, and for further proceedings not inconsistent with this opinion.”
Appellants, defendants below, then objected, and offered to file an amended answer setting up the discovery of new and important evidence since the original judgment was rendered, and which they could not have produced by reasonable, or indeed without the utmost, diligence. A part of the evidence thus discovered and produced is in writing, and was accompanied with a statement of facts in the amended answer, which, if sustained by other evidence that might and probably would have been produced on the trial, would have made out a sufficient cause for vacating or at least modifying the judgment ordered by this court to be rendered; but the court below refused to permit the amended answer tendered by appellants, and which they made a cross-petition, to be filed, and proceeded to render judgment in accordance with the mandate of this court. That judgment appellants have superseded, and now by this appeal ask to be reviewed and reversed.
The mandate was imperative, no discretion was left to the court, and the judgment directed to be rendered was to be final — nothing left open for further preparation. This court *176 itself had no power to revoke or alter it after the expiration of the term at which it was pronounced, but it must be carried out according to its true intent and meaning. (Brown v. Crow’s heirs, Hardin, 443; Kennedy, &c. v. Meredith, 4 Mon. 411.)
The court below therefore properly entered the judgment in pursuance of the mandate of this court; and having done so, that judgment was final, and stood on the same footing of all final judgments, and could not be modified or vacated except for the causes and in the mode pointed out in sections 579 and 581 of the Code of Practice. (McLean v. Nixon, 18 B. Mon. 768.)
In that case it was held that a bill of review was not under the former practice barred by an affirmance in this court; nor was a party precluded from filing it on the ground that the decree in the court below had been rendered in conformity with the mandate of this court; and it might be maintained upon newly-discovered facts or the recent discovery of written testimony of a permanent and unerring character. (Singleton v. Singleton, 8 B. Mon. 367; Bush v. Madeira’s heirs, 14 B. Mon. 172.)
And under the Code of Practice a judgment which has been affirmed by this court, or a judgment entered in conformity to the mandate of this court, may be vacated by a petition in the circuit court; but it can only be done for some of the causes enumerated in section 579 of the Civil Code, and for such errors as could not be noticed by this court. The proceedings instituted for such a purpose must be commenced within the time prescribed by the provisions of the Code. (Rouse v. Williams, MS. Opinion, Winter Term, 1857; McLean v. Nixon, supra.)
By section 579 of the Civil Code {supra) the court, where a judgment or final order has been made, has power after the expiration of the term to vacate or modify such judgment or order by granting a new trial for the cause, and in the manner *177 prescribed in section 373. This last section provides that the application for such modification or vacation must be made by a petition filed with the clerk not later than the second term after the discovery, on which a summons shall issue as on other petitions, requiring the adverse party to appear and answer it on or before the first day of the next term, etc.
This proceeding is substituted by the Code in place of bills of review under the former practice, and as matter of right may be filed by the party with the clerk; whereas a bill of review, or a bill in the nature of a bill of review, was usually filed on leave of the court, in which it was filed, to do so; and although regularly it should not be filed until after the mandate of this court had been entered and judgment rendered in accordance therewith in a case which had been decided by this court, yet if it were filed before, and presented a sufficient cause for modifying or vacating the judgment of the circuit court after the expiration of the term, it might be sustained. (Rouse v. Williams, supra, and McLean v. Nixon.)
1 The pleading offered to be filed is offered as an amendment to the original • answer. It is stated to be such on its face, treating the case as still in court for further preparation; and the prayer is not for a new trial and for a modification and vacation of the judgment, but for credits for the sums set up in the answer as payments on the debt sued for, and has none of the characteristics of a bill of review.
By the sections of the Code (supra) appellants had the right to file their petition for a new trial, independent of the action of the circuit court, with the clerk; and even if after the court had refused to permit the amended answer to be filed they had presented it in the character of a petition to the clerk of the court, and filed it with him, the rejection of the answer by the court would have presented no obstacle. That order did not preclude nor affect that right secured by the sections of the Code (supra), and as the petition for a new trial was their only *178 legal remedy, and was not interfered with by the judgment complained of, they have not been prejudiced thereby.
Wherefore the judgment is affirmed.