JUDGE LINDSAY
delivered the opinion of the court.
This is not strictly a proceeding to obtain a new trial under the 579th section of the Code of Practice. The allegations of the petition and the prayer for relief bring it within the purview of section 421, as well as of subsection 8 of section 579. Under the practice in force before the adoption of the Code it would have been proper to reserve, in the judgment rendered in the case of Troutman v. Allen’s heirs, the right for the infants (defendants) to show cause against it after attaining full age. It here appears that all the complainants are still infants, unless it be Mrs. Perry, and it does not appear that a year had elapsed after she arrived at the age of twenty-one years before the institution of the action.
The rights and interests of infants are under the special protection of courts of equity, and they have the right at any time within the period prescribed by section 421 of the Code to apply to such courts to vacate any judgment or final order by which injustice has been done them. They need not aver diligence in the preparation of their defense to the action, nor the discovery of testimony, nor in fact any of the special grounds for which new trials may be granted to adults. It is enough that they were infants at the time of the rendition of the judgment, and that it is unjust according to the facts presented by them, and that they apply for relief within the prescribed time. (Newland v. Gentry, 18 B. Mon. 670.)
*63 It is averred in appellant’s petition that the title-bond executed by David Allen, deceased, to William Allen was canceled, and a new contract entered into by which a life-estate in the land in contest was secured to William Allen with remainder in fee to them; that this contract continued in force up to the time of David Allen’s decease; that appellee Trout-man was fully advised of this fact; and that he confederated and combined with William Allen to deprive appellants of the rights secured to them by the last-named contract, and pursuant to such combination accepted a transfer from William Allen of the canceled title-bond. This bond was the foundation of the action in which title to the land was adjudged to Troutman. Now, if it had been canceled, and Troutman was apprised of that fact at the time he pretends to have purchased it from William Allen, it is manifest that he is not entitled to the land; and if by the alleged second contract the estate in fee was secured to these appellants, it is equally manifest that the judgment they seek to vacate is unjust and inequitable as to them. Such being the case, their petition presents a good cause of action, and it was error upon the part of the circuit court to sustain the general demurrer. A demurrer might have been sustained as to Mrs. Perry, because she does not state that she is still an infant, nor that she sued within twelve months after arriving at age. This fact, however, did not authorize the dismissal of the petition as to those who show that they did sue within the prescribed time.
For these reasons the judgment is reversed, and the cause remanded with instructions to overrule the general demurrer. In case appellee demurs specially as to Mrs. Perry, she should be allowed to amend if she can do so; otherwise the petition, so far as she is concerned, should be dismissed.
Appellee should then be required to answer, and appellants allowed an opportunity to make out their case.