CASE 8—EQUITY—OCTOBER 6, 1880.

## Moss, &c., v. Hall.

APPEAL FROM MERCER CIRCUIT COURT.

1. An infant may appeal from a judgment of the circuit court to this court at any time during his minority, although two years have elapsed since the judgment.

2. Having the right of appeal within one year after their majority, they may exercise the right at any time after the rendition of the judgment until the time mentioned.

E. J. POLK FOR APPELLANTS.

The appellants, who are infants, may appeal at any time during their minority. They can appeal within one year after they attain their majority, and, therefore, may appeal at any time previous thereto.

T. C. BELL, J. H. HARDIN, AND D. S. POSTON FOR APPELLEES.

1. Two years having elapsed since the rendition of the judgment, the right to appeal is barred.

2. It is true infants may appeal within one year after they become of age, but that time has not arrived.

Moss, &c., v. Hall.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Section 745, Civil Code, provides, that "an appeal shall not be granted except within two years next after the right to appeal first accrued, unless the party applying therefor was then a defendant in the action, and an infant not under coverture, or of unsound mind, or a person who did not appear by attorney; in which cases an appeal may be granted to such parties, or their representatives, within one year next after their death, or the removal of their disabilities, whichever may first happen.

In this case those representing the infant defendants have failed to prosecute an appeal within two years from the date of the judgment, and this is made a defense by way of answer to the appeal by the infants. Having the right to an appeal upon their arriving at age, we see no reason why the appeal should not be allowed them at any time during their minority. They are asserting a claim to the homestead, to which they are clearly entitled, and if they are postponed by reason of the failure of the guardian *ad litem* to appeal until they arrive at the age of twenty-one years, their right to a homestead is then gone. If a recovery is had against them by a plaintiff in the court below, and no appeal taken within the two years, he may take possession of their property, real or personal, and hold it until they arrive at age, and then, it is conceded, the infant defendant may ascertain what his rights are. An infant may show cause against a judgment affecting his right within twelve months after arriving at age; still this court held, in Moreland v. Gentry (18 B. Mon., 666), that there was no reason why it could not be shown at any time during the infant's minority. A different construction of this section of the Code would not only prejudice the rights of infants, but render uncertain

the interests of all parties who claim as against the infant defendants, if the latter are not allowed to prosecute an appeal until they arrive at twenty-one years of age.

It is to the interest of all parties, if there is an error in the judgment, that it should be ascertained, and their rights finally determined. The appeal by the infant would be a complete bar to any appeal after arriving at age, and it was never contemplated that such a construction should be given the statute as would postpone the settlement not only of the rights of infants, but of those litigating with them, for years after the judgment has been rendered, when the infants appear in court by those entitled to be heard for them, asking a final adjudication so important to the interest of all concerned. The order dismissing the appeal as to the infants is therefore set aside.

Judgment reversed as to the infant appellants. The appeal of Mrs. Moss has heretofore been dismissed. The cause is remanded for further proceedings.