## Arnold, et al. v. Lawson, et al.

(Decided January 23, 1912.)

### Appeal from Breathitt Circuit Court.

1. Infants—Judicial Sale of Land—Validity.—A judgment of the circuit court directing land to be sold cannot be assailed by an infant eight years after she became of age unless it was void.

2. Same—Judgment—Validity—Jurisdiction.—A judgment is not void where the court had jurisdiction of the subject matter and the parties, although the person proceeded against as of age, was in fact an infant.

J. B. WHITE, KELLY KASH and KASH & KASH for appellant.

A. H. PATTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

William B. Lawson died intestate on March 17, 1889, a resident of Breathitt county, leaving surviving him a widow, Evaline Lawson, six sons and three grandchildren, the only children of a deceased daughter. He owned at his death 2000 acres of land. There was a purchase money lien on the land in favor of W. L. Hurst, which had been reduced to judgment in his life time, and the land had been ordered sold to satisfy it. The judgment was for $165.00 with interest from November 3, 1871, until paid at 10 per cent. per annum; also for $300.00 with like interest from May 2, 1882, and the cost of the action, the whole judgment amounting at the time of his death to something over $1,100.00. John Abner also had a judgment against William Lawson for $104.50 with in-

terest from October 15, 1879, and his cost in that suit, $47.50, subject to a credit of $96.02 paid November 2, 1883. After the death of W. B. Lawson, Nicholas Lawson, his son, paid off the Hurst judgment and on March 15, 1894, he brought a suit to sell the lands for the satisfaction of the judgment. John Abner brought a similar suit; the two cases were consolidated, and on final hearing on June 15, 1898, there was a judgment for the sale of the land. It was sold on July 25, 1898. It was appraised at $3,000.00 and was brought by Nicholas Lawson for $1,847.20. The sale was reported to the court and confirmed at the November term 1898; but no deed was made until Nov. 9, 1901, when the land was duly conveyed to the purchaser. This suit was brought by the three grandchildren above referred to on November 25, 1909. They alleged in their petition in substance that they were infants at the time the proceedings above referred to were had, that a large part of the debts asserted in that action consisted of usury; that the plaintiffs in the action had had the use of the land from their father's death and had cut a lot of timber off it, and that the use of the land and the timber they had taken more than paid them what they had paid out on the debts; that the claims they sued on were allowed without legal proof as to being subject to set off or discount or containing usury; that the judgment ordered the whole land sold and not enough of it to pay the judgment; that the judgment was credited by $200 for timber taken by the plaintiff over and above the plaintiff's interest in the timber, and that this showed that they had received more timber than would pay them what they had paid out; and the land is now worth $35,000; that the plaintiffs have cut from it timber worth $6,000; that they have discovered the conveyance and the illegal orders and proceedings in that case very recently and within five years; that no process was served upon them in the Abner case, and that the proceedings in both actions were unauthorized by law and void. An answer was filed which controverted the allegations of the petition; proof was heard and on a final hearing of the case, the petition of the three grandchildren was dismissed. They appeal.

The record before us shows that the process was duly served in the old actions. It also shows that a

guardian ad litem was appointed for the infants; that he made defense for them setting up in a large measure the very defense that they now set up. Considerable proof was taken along the same lines as proof is taken now; that is, as to the value of the land and of the timber which the plaintiffs had cut. At the March term 1898, the guardian ad litem filed a report stating that his wards had become of age, and he was then discharged. At the June term following the case was submitted and the judgment entered upon the merits. According to the proof which is now before us, two of the grandchildren were of age at this time but the third was not of age when the judgment was rendered. She however became of age before the land was conveyed to the purchaser.

An infant against whom erroneous proceedings are had may have relief either by a petition in the circuit court where the facts are not shown in the record, or by an appeal to this court where the infirmity in the proceedings is shown by the record. But to obtain relief in either of these modes, the infant must make his application within the time allowed by law. This suit not having been brought for more than ten years after the judgment in that case was rendered, and for something like eight years after the youngest child was of age, the application was made too late, and no relief can be had against the judgment unless it is void.

If for any reason the judgment was void, it was a nullity when entered, and being a nullity when entered, age does not sanctify it or give it validity. The court may have erred greatly in entering the judgment, but this error of the court does not make the judgment void. It may be that under the pleadings in that case, and the proof, a very different judgment should have been entered, and that this court would have reversed the judgment if an appeal had been taken from it in proper time. But no appeal having been taken, the judgment cannot for this reason now be regarded void. The parties were before the court; a guardian ad litem was duly appointed for the infants. He filed his report making defense for them; proof was taken; the case was heard by the court; and, as the court had jurisidiction of the parties and the subject matter, it cannot be said that his judgment was void. It is true that he should have ordered so much of

the land sold as was necessary to satisfy the judgment, but no more was sold than was necessary to satisfy the judgment. The land did not sell for enough to pay the judgment. The proceedings were not therefore, void, and however erroneous they may have been, they cannot be attacked in this action. The circuit court erred in those actions in discharging the guardian ad litem when one of the infants was not of age. This error was not shown by the record and the infant might have had relief from the judgment had she asked it in the time allowed; but this she failed to do. The judgment is not void because a mistake was made as to her age, and she was supposed to be of age when she was not. (Berryhill v. Holland, 124 Ky. 615). The circuit court therefore properly dismissed the petition now before us.

Judgment affirmed.