## Parks, By et al. v. Barnes.

(Decided February 2, 1917.)

### Appeal from Harrison Circuit Court.

1. Infants—Appeal From Judgment.—An infant may appeal from a judgment against him in an action wherein he was a defendant, at any time from the rendition of the judgment until the expiration of one year from the attainment of his majority.

2. Infants—Appeal by Guardian ad Litem.—A guardian ad litem for an infant defendant may appeal to the Court of Appeals, in the name and for the infant, from a judgment against the infant at any time within two years from the rendition of the judgment, but not thereafter.

3. Infants—Appeal by Guardian ad Litem.—An appeal of an infant defendant, who is not under coverture may be taken for the infant from a judgment against him to the Court of Appeals at

any time after the judgment until the infant arrives at twenty-one years of age by a statutory guardian, next friend or guardian ad litem, but the guardian ad litem may not take such appeal after two years from the rendition of the judgment.

4.  Infants—Representative of Infant.—The representative of an infant mentioned in section 745, Civil Code, is not a statutory guardian, or guardian ad litem or next friend, but the real or personal representative of the infant after his death.

LUCIUS DESHA, Guardian ad Litem for appellants.

CASON & COX and HANSON PETERSON for appellee.

OPINION OF THE COURT BY JUDGE HURT—Dismissing appeal.

This appeal is from two judgments rendered in the Harrison Circuit Court, in the suit of appellee, Jennie Barnes, against the appellants, N. R. Parks, Earl Parks and Alvin Duvall Parks, on the 12th day of June, 1913, and the 15th day of September, 1913, respectively. The action was for the purpose of a judgment declaring that an undivided one-half interest in a house and lot in Cynthiana was held, in trust for her, by her former husband, Alvin Parks, who had the legal title to the entire lot, and to adjudge a sale of the property as not being divisible without materially impairing its value, and of the interests of the respective owners therein. The appellants, N. R. Parks, Earl Parks and Alvin Duvall Parks, were infant children of Alvin Parks, deceased, and appellee, and were the holders of the legal title to the lot by inheritance from their deceased father. For the purposes of that action, a guardian *ad litem* was appointed for the infant defendants, and he accepted the appointment and engaged in a defense of the action. On the 12th day of June, 1913, a judgment was rendered, by which it was adjudged that the appellee and the infant defendants were the joint owners of the property, and that it be sold at a decretal sale, and the proceeds distributed in accordance with their respective interests. An exception was taken to this judgment by the guardian *ad litem,* and an appeal prayed and granted to this court. Thereafter, the report of sale was filed, and to the report the guardian *ad litem* filed exceptions, but on September 15th, 1913, the exceptions were overruled and the sale confirmed, and to this judgment the guardian *ad litem* saved an exception and an appeal to this court was prayed and granted. The guardian *ad*

*litem* did not, however, perfect the appeal within the time nor in the manner provided by section 738 of the Civil Code. He took no further steps looking to an appeal from the judgments until the 24th day of November, 1915, when he filed with the clerk of this court copies of the judgments and prayed an appeal from them, which was granted by the clerk and process issued for the appellee.

The appellee has entered a motion to dismiss the appeal upon the ground that the guardian *ad litem* has no power to take an appeal in the name or for the infants from the judgments of the circuit court after two years has expired from the rendition of the judgments. The motion was passed for hearing until the submission of the cause upon its merits. The appellee has, also, filed an answer, pleading the same facts upon which the motion is based, in bar of the prosecution of the appeal of the guardian *ad litem,* and to this answer the guardian *ad litem* has demurred. It will not be necessary to determine whether in this case the proper proceeding to raise the question in issue is by motion or answer, as both are relied upon and raise the same issue.

N. R. Parks, the eldest of the infants, having become twenty-one years of age, two days after the appeal was granted by the clerk, also files a motion for the dismissal of the appeal, accompanied by his affidavit, in which is stated that he is no longer an infant and his desire to have the appeal dismissed. Of course, his motion will have to be sustained, but this would not affect the right of the guardian *ad litem* to take the appeal for him nor the guardian's right to maintain the appeal for the other two infants, if it should be determined that the guardian *ad litem* has authority to take and prosecute the appeal after two years had expired after the rendition of the judgments.

The right of a guardian *ad litem* to take an appeal from and in the name of the infants for whom he has been appointed has been several times held by this court to exist. Reed v. Louisville Bridge Co., 8 Bush 69; Staggenberg v. Bailey, 26 R. 188; Hussey v. Seargent, etc., 25 R. 315. In Staggenberg v. Bailey, *supra,* it was said:

"The duties of a guardian *ad litem* do not terminate with the rendition of a judgment in the trial court, but he may, when he thinks it to be the interest of the infant

defendants, take an appeal therefrom, and his duties continue until the final determination of the cause, unless removed by the court or terminated by the arrival of the infant at the age of majority.''

If the court had been considering the right of an adult to appeal in his own behalf, it could have been truly said, that his rights to litigate did not end with the rendition of the judgment in the trial court, and that there was not a termination of the litigation until the final determination in the court of review; but this could have been said only in contemplation that he would take his appeal within the time provided by law, which is within two years from the rendition of the judgment, and if he had failed to do so, his right of appeal would have been gone and the determination of the cause as to him would have related back to the entry of the judgment.

Subsection 2, of section 38, of the Civil Code, prescribes the qualifications of a guardian *ad litem* under our system of judicial procedure. He must be a regular practicing attorney of the court, ''and the court or judge may change the guardian so appointed whenever the interest of the infant may appear to require such change.''

Subsection 3, of section 38, *supra,* prescribes the duties of a guardian *ad litem,* which are ''to attend properly to the preparation of the case,'' and in its preparation, if an ordinary action, he may cause to be summoned as many witnesses as he may deem proper, subject, however, to the control of the court, and if an equity action, he may take the depositions of as many as three witnesses, but not a greater number without leave of the court.

Except for the provisions of section 745, of the Civil Code, an appeal could not be taken or maintained for or on behalf of an infant defendant, unless done within two years after the right to appeal first accrued. Section 745, *supra,* is as follows:

''An appeal shall not be granted except within two years next after the right to appeal first accrued, unless the party applying therefor was then a defendant in the action, and an infant not under coverture; or of unsound mind; or a prisoner who did not appear by his attorney; in which cases an appeal may be granted to such parties, or their representatives, within one year

next after their deaths or the removal of their disabilities, whichever may first happen.''

Applying this section to an infant defendant not under coverture, it gives to him a right of appeal, at any time, from the rendition of the judgment to and including a period of one year after attaining his majority, and if he should die within the time within which his right of appeal exists, then his representative could appeal within one year after his death. Hence, the representative referred to in this section is not a statutory guardian nor a guardian *ad litem*, but the infant's real or personal representative after his death. The infant defendants in the instant case were not under the disability of coverture. The infant is not precluded from appealing from a judgment against him before his arrival at his majority, but he may appeal at any time before attaining his majority. Moss v. Hall, 79 Ky. 40; Staggenberg v. Bailey, 26 R. 188; Riley v. Reed, 13 Bush 412; Newland v. Gentry, etc., 18 B. M. 666. Hence, it appears that an infant defendant has a right of appeal from a judgment against him, at any time, from its rendition until the expiration of one year from his majority. After arriving at twenty-one years of age, infants must appeal in their own names, and not by any representative, but before that time they can and must do so by a statutory guardian, guardian *ad litem* or next friend. At any time after the rendition of the judgment and before attaining their majorities, they may appeal by a statutory guardian or next friend. This leaves the direct question, and which does not seem to have been heretofore passed upon by this court: How long after the rendition of a judgment may an appeal be taken and maintained in the names and in the behalf of infant defendants by the guardian *ad litem?* If the guardian *ad litem* remains such from the rendition of the judgment, so long as a right of appeal remains to the infants or at least until attaining their majorities, then, if the infant was only one year of age at the date of the judgment, the guardian *ad litem* would remain in his office for twenty years thereafter, with the right at any time to prosecute an appeal for the infant, and in his name and at his cost, although he might have a statutory guardian and the action in which the guardian *ad litem* was appointed, stricken from the court's docket, and the court be without power to remove him

or to in anywise control his action.  To obtain control
over the action of the guardian *ad litem,* it would be
necessary to reinstate the case upon the docket and
bring all the parties before the court many years after
the proceedings had really terminated and been forgot-
ten.  If the guardian *ad litem* may take an appeal for
the infants, at any time, from a judgment after the ex-
piration of the regular time within which appeals may
be taken, the same reasoning would authorize him to
prosecute an appeal at any time within twenty years
after the judgment, if the infant should not attain his
majority at an earlier date.  The mere statement of
such a state of case demonstrates that the guardian *ad
litem* is not invested with such authority.  In the prepa-
ration and conduct of the case while pending in the
circuit court, the guardian *ad litem* is under the super-
vision and direction of the court, and if for any reason
he becomes unsuitable to represent the interests of the
infant defendants, or is not representing them in a
manner proper for their interests, it becomes the duty
of the court to remove him and appoint another.  The
welfare of the infant defendants is peculiarily within
the keeping of the courts, which the court may make ef-
fective by its power and oversight over those who are
designated as the guardians *ad litem* of such infants,
which means for the care and protection of their inter-
ests, as pertains to the litigation in hand, and when the
litigation is terminated, the duties of the guardian *ad
litem* must cease.  Hence while we are not unmindful
that proceedings upon appeal in review of a judgment
are a continuation of the original case, and while the
guardian *ad litem,* if he thinks it proper to do so, may
appeal from a judgment in the name and for the benefit
of the infants, but his failure to take the appeal for the
infants within a reasonable time after the rendition of
the judgment and the litigation has ended, terminates
the litigation as far as pertains to the guardian *ad
litem,* and the time, in which he must take the appeal
must be within two years from the rendition of the judg-
ment appealed from, or else his authority to do so has
ended. The law extends the time of appeal for the in-
fants, because of their infancy and want of knowledge of
their rights, but this reason does not apply to the guard-
ian *ad litem,* whose duty it is to take the appeal, if at all,
within the time prescribed by law for the taking of ordi-
nary appeals, and while the litigation may be said to be

continuing. Hence, the demurrer to the answer of the appellee must be overruled, and the appeal dismissed, at the cost of the guardian *ad litem.*

(2.) The appellee moves the court to condemn the record, because it has not been prepared in conformity to rule V, of this court. The appellants filed a schedule, in which the clerk of the circuit court was directed to copy designated portions of the record and which was all of the record that was material or necessary to be considered upon appeal from the judgments. The appellee filed a schedule, directing the remaining portions of the record to be copied, which was made on or before the judgment appealed from. The clerk copied all those portions designated in the schedule filed by appellant and placed same in one bundle, and then copied the entire record and placed it in another bundle, and both of which are filed. In copying the record, he should have copied the orders, pleadings, depositions and judgments required by both schedules in the order in which they appeared upon the record, and should not have copied any portion of it twice. The second bundle copied, and which was ostensibly made under the schedule filed by appellee, is condemned. The portions of it which appellee directed to be copied, she will pay the clerk therefor the statutory fees for copying and certifying same, but she should not recover the cost of same from appellant. The clerk had no directions to recopy the entire record, and for the parts of the bundle, which had already been copied under the schedule filed by appellant, the clerk will not receive anything therefor, and if he has been already paid therefor, he will return the price to the person who paid him therefor.