## Webb, et al. v. Webb's Guardian, et al.

### (Decided June 1, 1917.)

### Appeal from Floyd Circuit Court.

1. Infants—Appeal and Error—Guardian Ad Litem.—The guardian ad litem of an infant defendant cannot, after two years following the rendition of the judgment affecting the infant defendant's rights, take an appeal from such judgment to the Court of Appeals; but the infant defendant may, by his statutory guardian or next friend, take such appeal at any time after two years from the rendition of the judgment, or in his own right, within the year succeeding the reaching of his majority.

2. Infants—Appeal and Error—Guardian Ad Litem.—Where there was an attempt of the guardian ad litem of infant defendants to take an appeal to the Court of Appeals from a judgment of the circuit court directing a sale of their interest in real estate, after the expiration of two years from the rendition of such judgment, by the filing of a transcript of the record in the office of the clerk of the Court of Appeals, accompanied by the required statement making the infants, as well as their guardian ad litem, appellants, the absence of right on the part of the guardian ad litem to prosecute the appeal did not prevent its maintenance by the infant appellants by next friend; and in such case the Court of Appeals had authority to allow the statement of appeal to be amended by substituting the name of the next friend for that of the guardian ad litem.

MAY & MAY and J. P. HOBSON & SON for appellants.

B. F. COMBS, HARKINS & HARKINS and E. C. O'REAR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Setting aside order dismissing appeal.

By this appeal the appellants, Oliver Webb, Maggie Webb, Mary Webb, Troy Webb, Londa Webb and Willie Webb, attempted to bring to this court for review two judgments of the Floyd circuit court rendered in an action brought by their mother, Lizzie Webb, as their statutory guardian, against them and certain other defendants to obtain a decretal sale of certain lands described in the petition, in which they owned an undivided one-sixth interest each. By the first of these judgments, the lands were ordered to be sold; and, by the second, the report of the sale thereof made by the master commissioner of the Floyd circuit court was confirmed. At the time of the institution of the action and when their interests in the lands in question were sold, and also at the time the report of sale was confirmed, the appellants, and each of them, were infants under twenty-one years of age. The appeal was taken by the filing of a transcript of the record in the office of the clerk of this court and the issuing of a summons against each of the appellees more than two years after the rendition of each of the judgments, and the appeal was granted by the clerk of this court· This appeal was taken by the appellants in their own right and by their guardian *ad litem,* W. W. Williams.

It being made to appear in this court that the appellant, Oliver Webb, had arrived at the age of twenty-one years more than a year before the taking of the appeal, on motion of the appellees, the appeal was dismissed as to him. Subsequently, on the further motion of appellees the appeal was dismissed as to the other appellants, upon authority furnished by the recent case of Parks, By, et al. v. Barnes, 173 Ky. 589, in which we held that the guardian *ad litem* of an infant defendant can not take an appeal from a judgment against the infant after the expiration of two years from the rendition of the judgment. The case is again before us on a motion made by the appellants, Maggie Webb, now Maggie Allen, Mary Webb, now Mary Minnix, Troy Webb, Londa Webb and Willie Webb, to set aside the order dismissing the appeal as to them; also to permit the filing of an amended statement showing the right of Troy Webb, Londa Webb and Willie Webb to maintain the appeal in their own behalf, and by W. W. Williams as their next friend. Accompanying the amended statement referred to is an affidavit of two of the appellants, Mary Minnix and Maggie Allen, showing that both are married, that

they are twins and became twenty-one years of age January 8, 1917.

They ask, in the affidavit, that they be allowed to prosecute this appeal in their own name as they are no longer infants and a year has not elapsed since they became twenty-one years of age.

Laying aside for the present consideration of the question whether the infants may appeal by their next friend, we deem it only necessary to say that there can be no doubt of the right of Mary Minnix and Maggie Allen, the two adults, to prosecute the appeal in their own names. Hence, it is manifest that the motion to be permitted to file the amended statement and to set aside the order dismissing the appeal must, as to them, be sustained.

It next becomes necessary to determine whether the motion should be sustained as to the infant appellants, Londa Webb, Troy Webb, and Willie Webb. We find that in the original statement filed with the transcript of the record in the office of the clerk of this court, the infants, Londa Webb, Troy Webb, and Willie Webb, as well as their guardian *ad litem* and sisters, Maggie and Mary, now adults, are named as and made appellants in the appeal. In Parks, By, et al. v. Barnes, *supra,* in holding that the guardian *ad litem* cannot appeal after two years, we said:

"The infant is not precluded from appealing from a judgment against him before his arrival at his majority, but he may appeal at any time before attaining his majority. Moss v. Hall, 79 Ky. 40; Staggenberg v. Bailey, 26 R. 188; Riley v. Reed, 13 Bush 412; Newland v. Gentry, etc., 18 B. Mon. 666. Hence, it appears that an infant defendant has a right of appeal from a judgment against him, at any time, from its rendition until the expiration of one year from his majority. After arriving at twenty-one years of age, infants must appeal in their own names, and not by any representatives, but before that time they can and must do so by a statutory guardian, guardian *ad litem* or next friend."

Manifestly, two conclusions are expressed in the opinion, that is: (1) That an infant may appeal from a judgment at any time from its rendition until after the expiration of a year from the attainment of his majority. (2) That at any time after the rendition of the judgment he may appeal by his statutory guardian or next friend. In Moss, etc., v. Hall, 79 Ky. 40, we also held that

an infant may appeal from a judgment of the circuit court to the Court of Appeals at any time during his minority, although two years have elapsed since the judgment; and that having the right of appeal within one year after his majority, he may exercise the right at any time after the rendition of the judgment until the time mentioned. Newman's Pleading and Practice, section 680.

The appeal could not be taken in this case by the statutory guardian of the infants as she is a party appellee. Therefore, they must do so by their next friend; and, as by the original statement filed with the transcript in the office of the clerk of this court, the infants are made parties appellant in their own right as well as by their guardian *ad litem,* the fact that the latter cannot act with them in prosecuting the appeal, if not taken until the expiration of two years after the rendition of the judgment, should not deprive them of that right. The right of appeal until one year after the majority is, by section 745 of the code, only given the infants who were defendants in the action. And, as well argued by counsel for appellants, as such infants cannot be represented in the circuit court by a next friend, and must defend in that court by a statutory guardian, or guardian *ad litem,* to hold that a guardian *ad litem* loses his right to appeal after two years, and that thereafter an appeal cannot be prosecuted for the infants by their next friend, is to put the infants at the mercy of their guardian *ad litem.* And to say that although they have the right of appeal, they cannot appeal, unless their guardian *ad litem* sees fit to sue out the appeal in two years, would offer a premium for fraud. In other words, under the circumstances appearing in this case the right of appeal after two years from the rendition of the judgment and before reaching their majority, would be entirely lost to the infant appellants, if they are not permitted to prosecute it by their next friend. To so hold would put the infants at the mercy of those who would despoil them.

No good reason is perceived for refusing the appellants permission to file the amended statement offered by them, the purpose of which is to correct a defective statement originally entered upon the transcript when filed in the office of the clerk of the Court of Appeals, and to substitute for the person named therein as guardian *ad litem* of the infants the name of their next friend. It has long been the practice in this court when a transcript has been

in good faith filed, and is defective or contains only a part of the proceedings in the court below, to permit the filing of a supplemental record at any time before submission. And what is the filing of an amended statement such as is here offered by appellants, but a mere method of correcting a defect appearing in the record, which did not occur in the court below, but was made in this court.

As the courts are ever watchful of the rights of infants, amendments in their favor will be liberally allowed; and the granting of what is here asked for appellants is necessary for their protection, and will neither result in injustice to the appellees nor violence to the rules of procedure regulating appeals to this court. The present appeal by the infants will be a complete bar to any appeal after arriving at age, and the law does not contemplate or require that such a construction should be given the provisions of the code regulating appeals, as would postpone the settlement not only of the rights of the infants, but of those litigating with them, for years after the judgment has been rendered, when the infants appear in court by those entitled to be heard for them, asking a final adjudication so important to the interest of all concerned.

For the reasons indicated, the motion of the appellants to set aside the order dismissing the appeal, and to be permitted to file the amended statement referred to, is sustained, the order of dismissal set aside, and the infant appellants allowed to prosecute the appeal by the next friend named in the amended statement.