## Wilhelm, et al. v. Hendrick, et al.

### Potter v. Same.

(Decided October 23, 1917.)

### Appeals from McCracken Circuit Court.

1.  Supersedeas—Action—Defenses.—Matters of defense that are not available to the parties upon the reversal of a judgment appealed

from do not constitute a defense by the surety in a supersedeas bond given to supersede the judgment, nor by his surety in a supersedeas bond given to supersede a judgment against him on his bond given in the original action.

2. Infants—Election of Remedies—Judgment—Matters Concluded.— An infant may, within twelve months after reaching his majority, seek relief from a judgment rendered against him, during infancy, in either one, but not both, of two ways: By petition for new trial under section 391, Civil Code; or by appeal under section 745, Civil Code. In such proceedings, all matters which were, or might have been, heard and decided upon an appeal from the judgment assailed, may not be relitigated.

3. Appeal and Error—Infants—Proceedings on Mandate—Law of the Case.—Parties to appeal are not entitled, because of infancy, upon the return of the case, to a retrial of issues presented and decided against them upon the appeal.

4. Appeal and Error—Final Order.—An order overruling a motion to file an answer, counter-claim and cross-petition is not a final order, and no appeal therefrom can be prosecuted.

E. H. PURYEAR and D. G. PARK for appellants.

JOHN K. HENDRICK, WHEELER & HUGHES, W. A. BERRY, A. M. NICHOLS and JOSEPH R. GROGAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Dismissing appeal in first case and affirming in second case.

In 1913, John K. Hendrick and Hal S. Corbett, suing for the use of their assignees upon an account for legal services rendered, recovered a judgment in the McCracken circuit court for $1,200.00, with interest, against Ella B. Wilhelm, Amanda Wilhelm, William B. Wilhelm, J. E. Wilhelm, Jr., J. E. Wilhelm, Sr., individually and as the guardian of his infant children and as the executor of the will of his wife, Ella B. Wilhelm. The lower court granted an appeal from that judgment, which was superseded, with the Illinois Surety Company as surety in the supersedeas bond. That appeal, not having been prosecuted within the time allowed by law, upon motion was dismissed by this court. Thereupon, Hendrick and Corbett, for use, etc., sued the Illinois Surety Company upon the supersedeas bond and obtained judgment against it for $1,200.00, interest and costs. From this judgment the Illinois Surety Company appealed and executed a supersedeas bond with J. E. Potter as surety. This judgment was affirmed, with damages, by this court on May 23, 1916. (Illinois Surety Co. v. Hendrick, 170 Ky. 347.)

Hendrick and Corbett, for use, etc., then sued J. E. Potter upon the supersedeas bond, which he had executed as surety for the Illinois Surety Company. In the meantime, and after their appeal granted by the lower court had been dismissed here, Ella B. Wilhelm, Amanda Wilhelm, William B. Wilhelm, J. E. Wilhelm, Jr., and J. E. Wilhelm, Sr., as their guardian, prosecuted in this court an appeal from the original judgment against them, resulting in a reversal of that judgment as to Ella B. Wilhelm, Amanda Wilhelm, Wm. B. Wilhelm, J. E. Wilhelm, Jr., and J. E. Wilhelm, Sr., as their guardian, but the judgment was affirmed as to J. E. Wilhelm, Sr., individually and as executor, on December 8, 1915 (167 Ky. 219). This judgment of affirmance as to J. E. Wilhelm, Sr., individually and as executor, was set aside by this court on January 28, 1916, upon a motion and showing that he had not appealed from the judgment rendered against him.

The original judgment having thus been reversed and remanded for proceedings consistent with the opinion, upon its return to the lower court, the defendants, Ella B. Wilhelm, Amanda Wilhelm, and J. E. Wilhelm, Jr., after filing the mandate tendered an answer in which they alleged that, since the judgment was rendered, William B. Wilhelm had died and Ella B. Wilhelm had become of age, and that she answered in her own right and as the next friend of Amanda Wilhelm and J. E. Wilhelm, Jr., infants over fourteen years of age. This answer attempted only to contest the correctness of the amount of the judgment originally rendered against them for $1,200.00; denied in part the services alleged to have been rendered by plaintiffs as their attorneys under employment by their guardian; and denied that such of their services as they admit were rendered, were worth the amount charged therefor and allowed in the original judgment. This tendered answer was also attempted to be made a counter-claim and cross-petition against the parties to whom plaintiffs had assigned their claim and for whose use the suit was brought. Plaintiffs objected to the filing of this pleading, and the court sustained the objection and overruled the motion of defendants to file the answer, counter-claim and cross-petition. From this ruling the defendants, Ella B. Wilhelm, Amanda Wilhelm, and J. E. Wilhelm, Jr., excepted and prayed an appeal, which was granted; and this is the first of the appeals that is now before us.

After the reversal of the original judgment against Ella B. Wilhelm and others, as is reported in 167 Ky. 219, J. E. Potter filed in the action against him an answer and counter-claim, in which, as. finally amended, he alleged the reversal of the original judgment against Ella B. Wilhelm and others; that the judgment against the Illinois Surety Company upon the supersedeas bond was based solely upon the original judgment; that he executed the supersedeas bond sued on to stay the execution of the judgment rendered against the Illinois Surety Company, and at the instance and request of Ella B. Wilhelm and others, who agreed to indemnify him against liability thereon; that the collection of the judgment against him as surety in the supersedeas bond would be the enforcement of the same liability as the original judgment, which had been reversed as against Ella B. Wilhelm and others, who would be compelled to pay any judgment that might be rendered against him. He then set up the defense attempted to be pleaded by Ella B. Wilhelm and others in the original action after its reversal, made the entire record in all the actions to which we have made reference a part of his answer; prayed that the action be consolidated with the original action; tendered to plaintiffs, and offered to pay into court, the amount admitted to be due plaintiffs by the amended answer of defendants, Ella B. Wilhelm and others; and asked that his liability be limited to the amount that may be finally determined to be due plaintiffs in the original action. The court overruled Potter's motion to consolidate, sustained the demurrer to his answer and counter-claim as amended, rendered judgment against him for the amount of the original judgment against the Illinois Surety Company, with accumulated interest and costs; and from that judgment Potter has prosecuted this appeal.

The same questions are involved in both these appeals and they will be considered together.

As the only defense set up by Potter in his answer is that attempted to be presented by Ella B. Wilhelm and others in the answer offered by them in the original action after the reversal of the judgment therein by this court, we need consider only the judgment of reversal and the answer tendered by Ella B. Wilhelm and others in that case.

After stating the facts and holding that the petition was sufficient, this court, in reversing the judgment, said (167 Ky., at page 222):

"It appears, however, that, although the wards were infants at the time the services were rendered and the contract of employment was made on their behalf by the guardian alone, yet personal judgment was rendered against the wards and execution directed to be issued against their estate. Inasmuch as the guardian had authority only to bind the estate of his wards, it was error to enter personal judgment against the wards and to direct that an execution issue thereon. Indeed, the proper practice in a case like this would be to bring suit in equity to subject the wards' property to the payment of a reasonable attorneys' fee. Inasmuch, however, as either party would have had the right to have the question of the amount of the fee determined by a jury on an issue out of chancery, the action will not be dismissed because not brought in equity, but the finding of the jury in the absence of the testimony will be regarded as final and conclusive. On the return of the case, plaintiff will be permitted to file an amended petition for the purpose of subjecting the wards' estate to the payment of the fee fixed by the jury."

From this, it will be seen that the judgment was reversed only because of the error in rendering personal judgment against the infants and in directing that an execution issue against their estate. And it was held that inasmuch as either party would have had the right, in any event, to have the question of the amount of the fee determined by a jury on an issue out of chancery, the finding by the jury was final and conclusive, and that, upon the return of the case, plaintiff would be permitted to file an amended petition for the purpose of subjecting the wards' estate to the payment of the fee fixed by the jury. From which it will be seen that all parties were concluded by the judgment of this court, both as to the employment of plaintiffs as attorneys to represent the infants and as to the value of those services; and the only question left open was the enforcement of that judgment against the property of the infants.

Counsel for defendants, Wilhelms, insists that, since the judgment against them was reversed, they might, upon the return of the case, ignore the defenses made for them by their guardian during their infancy and file a defense such as they offered under section 391, Civil

Code, which provides that an infant may "within twelve months after attaining the age of twenty-one years show cause against a judgment"; and in support of this contention we are referred to Mitchell v. Berry, 1 Met. 320, and Shields' Heirs v. Bryant, 2 A. K. Mar. 344, as well as several text books. In the two cases cited it was held merely that an infant defendant, who has answered by guardian *ad litem,* coming of age before decree, may answer for himself. Unquestionably this is the law regardless of the code provision, which authorizes a new trial after judgment upon application of the infant within the time specified.

Under our code, either an infant or an adult may, for certain specified reasons, have a new trial after judgment, and this right may be asserted either by petition in the circuit court or by appeal to this court, but neither the infant nor the adult may adopt both means of procuring a rehearing for the same error in the first trial. They are alternate means afforded alike to the infant and to the adult, except that the right is kept alive for the infant during infancy and for twelve months thereafter, for a new trial by section 391 of the code, and for an appeal by section 745 of the code, with the further difference that the infant, in order to obtain a new trial, need not aver diligence or any of the special grounds for which new trials are granted to adults. Allen v. Troutman, 10 Bush 61; Newland v. Gentry, 18 B. Mon. 666. And, while to either an infant or an adult a new trial may be granted and a judgment against him be vacated, in some cases, after the judgment has been affirmed by this court or entered in pursuance of its mandate, it can be done only for such errors as could not be noticed or considered upon the appeal. McLean v. Nixon, 18 B. Mon. 775.

There must be an end to litigation, and to no litigant, infant or adult, are the courts held open for successive retrials of the same matter.

In Sparks v. Mattingly, 4 Bush 310, where the right of an infant to a new trial under section 391 of the code, after an appeal under section 745 of the code, was considered, it was held that where an infant, after becoming twenty-one years of age, appealed to this court from a judgment rendered against her during infancy, an affirmance was a bar to a petition for a new trial as to all matters which were or could have been heard on the appeal.

To the same effect are Scott v. Scott, 9 Bush 174; Fugate v. Gill, 99 S. W. 602; Arnold v. Lawson, 146 Ky. 365. And the infant need not wait until becoming of age, but may appeal during infancy, which has the same effect and bars an appeal after infancy. Moss v. Hall, 79 Ky. 40; Park v. Bolinger, 8 S. W. 914.

It is, therefore, apparent that if, upon the defense offered here, which is but an irregular way of seeking a new trial unless allowed by the mandate of this court upon the reversal of the former appeal, the matter presented in the offered answer was considered by this court and decided adversely to defendants, they are not entitled to a retrial thereof in the lower court. That such is the case we have shown above, because the matter was considered by this court upon the appeal and retrial denied; in other words, so far as the amount of the judgment is concerned, the judgment of this court is an affirmance and decided finally the only question attempted to be raised in the new answer.

It follows, therefore, that the infants, who were parties to the suit and were defended by their guardian, are bound by the holding of this court upon the amount of the fee due plaintiffs, and that, upon a return of the case for proceedings consistent with its opinion, they cannot again litigate the value of those services. Their tendered answer, counter-claim and cross-petition did not, therefore, present any defense, and the court did not err in refusing to permit it to be filed.

Potter, confessedly in no better position than the defendants in the original action, Ella B. Wilhelm and others, who had appealed from that judgment and were relying solely upon their tendered defense, manifestly did not state facts sufficient to constitute a defense in his answer in the suit against him; and the court did not err in sustaining a demurrer to his answer and in rendering judgment against him.

The judgment against Potter is a final order, and, therefore, appealable; but the order in the Wilhelm case refusing to file the tendered answer, counter-claim and cross-petition, is not a final order, and no appeal can be prosecuted from it.

Wherefore, the judgment in the case of Potter v. Hendrick is affirmed; and the appeal in the case of Wilhelm v. Hendrick is dismissed.