## Chenault v. State Bank & Trust Co.

March 24, 1939.

454

WATSON CLAY and TRABUE, DOOLAN, HELM & HELM for appellant.

J. J. GREENLEAF and JOHN NOLAND for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

T. D. Chenault, the father of appellant, owned a life interest in a tract of land in Madison County containing 355.57 acres, with remainder to his two sons, Douglas Chenault and appellant, Harvey Chenault. By the provisions of the will of his father and the deed under which he held this life interest, T. D. Chenault was given power to sell and convey the land in fee simple, but was required to reinvest the proceeds in other real estate to be held subject to the same terms and limitations.

Prior to the year 1932, T. D. Chenault had mortgaged real estate to which he held the fee simple title,

together with his life interest in the 355.57 acres to appellee, State Bank and Trust Company, and in the year 1932 appellee filed suit against him to foreclose this mortgage. The bank at that time was also guardian for appellant. In the foreclosure suit, appellant, by his mother as next friend, filed an intervening petition alleging in substance that the L. & N. Railroad had condemned approximately nine acres of the 355.57 acres and had paid T. D. Chenault as damages on this condemnation proceeding approximately $30,000, which money was deposited in appellee bank and thereafter checked out by T. D. Chenault to the bank and applied to the payment of his individual indebtedness to the bank.

It was further alleged that the bank, as guardian for two Bates children, arranged with T. D. Chenault for the purchase of 197 acres of the 355.57-acre tract for these Bates children and, as their guardian, paid to T. D. Chenault $30,531.25 for the 197 acres conveyed to them; that this sum paid as the purchase price of the land was deposited to the credit of T. D. Chenault in the bank, and thereafter paid to the bank as a credit on his pre-existing obligations to the bank.

It was further alleged that at the time these payments were made to the bank from the money received from the condemnation proceedings and from the sale of the 197 acres, the bank had knowledge of the trust existing in behalf of appellant and knowledge that these funds in the hands of T. D. Chenault were impressed with this trust requiring him to reinvest the funds in other real estate to be held in accordance with the terms of the will of his father; that the bank accepted these trust funds in payment of an antecedent indebtedness of T. D. Chenault without giving value therefor, and that the funds were traceable directly into the hands of the bank. Judgment was sought against T. D. Chenault and the bank requiring them to account for such funds as were paid to the bank out of this trust money and to reinvest the funds in other real estate to be held under the same terms and conditions as the 355.57 acres.

Issue was joined between appellant and the bank on the allegations of this intervening petition. Proof was heard orally before the court and judgment was rendered in behalf of appellee dismissing the intervening petition of appellant and granting an appeal to this court. The proof heard orally before the court was not

transcribed by the official stenographer during the term and made a part of the record by court order, nor was time asked for or given to prepare a bill of exceptions. The trial court refused to approve the transcript of evidence or make it a part of the record. When the appeal was docketed in this court, a motion was made in this court to file a transcript of the evidence as an additional record, but this motion was overruled. The judgment was accordingly affirmed by this court in Chenault et al. v. State Bank & Trust Company et al., 254 Ky. 390, 71 S. W. (2d) 1015, the basis of the decision being that as the testimony heard on the trial had not been made a part of the record, the only question before the court was whether or not the pleadings supported the judgment.

The appellant, within one year after arriving at 21 years of age, filed this suit to vacate the judgment rendered in that action and obtain a new trial thereof, it being alleged that the plaintiff's mother had no authority to institute the action in his behalf as next friend; that the court erroneously decided the issue of fact raised in that action and that there were a number of witnesses that had knowledge of the transactions therein involved who were competent and able to testify but who were not called as witnesses.

We find no merit in the contention that Katherine H. Chenault, the mother of appellant, was not qualified to file the action as next friend in his behalf. Subsection 3 of Section 35, Civil Code of Practice, provides:

"The action of an infant, or of a person of unsound mind, who resides in this State, and who has no guardian, curator, or committee residing herein, or whose guardian, curator, or committee refuses to sue, or his action against his guardian, curator, or committee, may be brought by his next friend."

The only qualification provided as to a next friend is contained in Subsection 1 of Section 37, Civil Code of Practice, which is:

"No person shall sue as next friend unless he reside in this State and be free from disability, nor unless he file his own affidavit showing his right to sue as next friend according to the provisions of this chapter."

The verified petition in that action showed that ap-

pellant's mother resided in this state and that appellant's guardian was the defendant in the action. These were all the allegations necessary to show her right to bring the action as next friend. Prior to the enactment of Section 3845, Kentucky Statutes, in the year 1924, it would have been necessary for the affidavit to show that she was not under the disability of coverture, but that Act removed the disability of a married woman to act in any fiducial capacity allowed to men, which necessarily included the capacity to act as next friend.

It is suggested for appellant that he did not select or designate his mother to act as next friend, but we find no provision of the code providing that the infant must or may select a next friend to bring an action. In fact, such a provision would in many cases necessarily defeat the bringing of an action, because frequently an infant is so young that it would be incapable of designating a next friend. In construing a provision of the Statutes of Illinois that "minors may bring suits, in all cases whatever, by any person that they may select as their next friend," the Supreme Court of the United States in Kingsbury v. Buckner, 134 U. S. 650, 10 S. Ct. 638, 647, 33 L. Ed. 1047, said:

"Surely, these provisions are not to be interpreted to mean that no suit in the name of an infant, by next friend, can be entertained, unless such next friend is selected by the infant. Such a construction is inadmissible. It would prevent a suit being brought by next friend where the infant was so young as to be incapable of making a selection of a person to represent him."

If such be the rule where the statute provides for the selection of a next friend by an infant, all the more so would it apply to our law, where no mention is made of the selection of the next friend by the infant.

There is no allegation that there was any corruption on the part of the next friend or any collusion between the next friend and the bank in the original action, and no suggestion is made in the brief that any such corruption or collusion existed. Nor is the situation here in any wise similar to that shown in Kash et al. v. Kash's Guardian et al., 260 Ky. 377, 85 S. W. (2d) 866, in which a stranger assumed to represent an infant as next friend against the wishes of the infant and the members of his family. We are therefore of the opinion

that the action was properly brought by appellant's mother as next friend. The appeal was properly taken by the next friend. Webb et al. v. Webb's Guardian, 176 Ky. 96, 195 S. W. 96.

In the final analysis, the petition in the case at bar seeks to have the judgment in the former action vacated and a new trial granted by reason of error alleged to have been committed by the trial court in deciding the issue of fact raised by the pleadings in the former action. It is true that the allegation appears in the petition that there were a number of witnesses who had knowledge of the transactions therein involved who were available to testify but were not called as witnesses. This allegation, however, is far from being sufficient as an allegation of newly discovered evidence sufficient to authorize the granting of a new trial. To be sufficient for this purpose, the petition must allege the names of the witnesses discovered since the trial and that the evidence discovered will tend to prove facts which were not directly in issue on the trial or were not then known nor investigated by the proof and that the new evidence is not merely cumulative. Price's Adm'r v. Thompson, 84 Ky. 219, 1 S. W. 408, 8 Ky. Law Rep. 201; Brady et ux. v. B. & B. Ice Co. et al., 239 Ky. 170, 39 S. W. (2d) 252.

In Wilhelm v. Hendrick, 177 Ky. 296, 197 S. W. 836, 838, this court clearly and concisely stated the rule applicable to the granting of a new trial to an infant as follows:

"Under our Code, either an infant or an adult may, for certain specified reasons, have a new trial after judgment, and this right may be asserted either by petition in the circuit court or by appeal to this court; *but neither the infant nor the adult may adopt both means of procuring a rehearing for the same error in the first trial.* They are alternate means, afforded alike to the infant and to the adult, except that the right is kept alive for the infant during infancy and for 12 months thereafter, for a new trial by Section 391 of the Code, and for an appeal by Section 745 of the Code, with the further difference that the infant, in order to obtain a new trial, need not aver diligence or any of the special grounds for which new trials are granted to adults. Allen v. Troutman's Heirs, 10 Bush 61; Newland v. Gentry, 18 B. Mon. 666. And while to either an infant or an adult a new trial may be granted, and a

judgment against him be vacated, in some cases, after the judgment has been affirmed by this court or entered in pursuance of its mandate, it can be done only for such errors as could not be noticed or considered upon the appeal. McLean v. Nixon, 18 B. Mon. [768], 775.

＊　＊　＊　＊　＊　＊　＊

"In Speak v. Mattingly, 4 Bush 310, where the right of an infant to a new trial under Section 391 of the Code, after an appeal under Section 745 of the Code, was considered, it was held that where an infant, after becoming 21 years of age, appealed to this court from a judgment rendered against her during infancy, an affirmance was a bar to a petition for a new trial as to all matters which were or could have been heard on the appeal. To the same effect are Scott v. Scott's Ex'r, 9 Bush 174; Fugate v. Gill, 99 S. W. 602 [30 Ky. Law Rep. 731]; Arnold v. Lawson, 146 Ky. 365, 142 S. W. 684. And the infant need not wait until becoming of age, but may appeal during infancy, which has the same effect and bars an appeal after infancy. Moss v. Hall, 79 Ky. 40; Park v. Bolinger, 8 S. W. 914 [10 Ky. Law Rep. 303]."

In accord with the principles thus announced, the appeal taken by appellant from the judgment in the original action is necessarily a bar to this petition for a new trial as to all matters which were or could have been heard on the appeal, and on that appeal the same question was raised as appellant now attempts to raise in this proceeding. Appellant sought to have the transcript of testimony made a part of the record so that this court might reverse the judgment for error in the decision of fact.

On the former appeal this court held that the transcript of evidence was not a part of the record and therefore could not be considered, yet appellant now asks that the evidence heard on the former trial be considered and that it be determined from that evidence that the court erroneously decided the issue of fact on that trial. One of the allegations of the petition is that: "The evidence in the original case No. 2789, State Bank & Trust Co. v. Chenault, Madison Circuit Court, proves the following facts." The petition also adopts as part of the petition the entire record in that case, including

all pleadings, exhibits, *testimony,* orders and proceedings.

Even though we assume that the former appeal is not a bar to the granting of a new trial on the ground of error appearing in the former record, nevertheless the allegations of the petition are insufficient to authorize the granting of a new trial because the adoption of the record on the former trial as a part of the petition did not bring before the court any evidence taken on that trial, since the transcript of evidence sought to be adopted was not and is not a part of the record. By reason of the decision on the former appeal of this case, the transcript of evidence, which we are now asked to examine and from such examination determine that the court erroneously decided the issue of fact, is legally non-existent. It has no official status, no legal efficacy. As determined by this court on the former appeal, it was not then (and therefore cannot be now) any part of the record on the former trial; for this reason, the attempted adoption of it into the petition does not have the effect of making it a part of the record. We are therefore precluded from considering this transcript of evidence in determining whether or not any error was committed on the former trial against appellant and may consider the record only.

The conclusion of the whole matter is that rules of procedure and practice apply to infants as well as to adults, except in those instances in which the Legislature has seen fit to make a saving or exception or some special provision in the infant's behalf. The rules of practice in equitable actions as to the necessity and manner of making evidence heard orally before the court a part of the record for purposes of review apply alike to infants and to adults, and a failure to comply therewith is as disastrous in its consequences to an infant as to an adult where the action was legally prosecuted in the infant's behalf and no fraud or collusion can be shown.

As our examination of the record discloses no error justifying the granting of a new trial, it follows that the action of the trial court in sustaining the demurrer and dismissing the petition was correct.

The judgment is affirmed.