## Sparks v. Commonwealth.

## In re Little.

(Decided June 27, 1928.)

1. Attorney and Client.—An attorney practicing before the Court of Appeals is an officer of the court, and, where the record on which he relies appears to have been changed, he owes the court the duty to use reasonable diligence to see that the record is true and corrcet.

2. Attorney and Client.—Where interlineations and changes in transcript were so awkwardly made as to arouse suspicion that record had been tampered with, counsel's failure to take steps to ascertain whether changes were made by official reporter was inexcusable neglect meriting a reprimand at the hands of the court.

Per Curiam. This cause is before the court on rule heretofore issued against L. C. Little, attorney at law, to show cause why he should not be punished for contempt of this court for making certain changes in the transcript of evidence filed in this court. After a careful review of all the evidence the court is of the opinion that the evidence is insufficient to show either that the changes were made by the respondent Little or by any one else at his direction, or with his knowledge or consent, or that in the preparation of his brief he used the record knowing that it had been changed. It is therefore adjudged that the rule be discharged.

However, it must not be overlooked that an attorney who practices in this court is an officer of the court, and, where the record on which he relies appears to have been changed, he owes the court the duty to use reasonable diligence to see that the record is true and correct. The respondent appeared as counsel for the defendant throughout the entire trial. He must have known of the rulings of the trial court on the admission and rejection of evidence. The interlineations and changes in the transcript were so awkwardly made as to arouse in the mind of one situated as he was the suspicion that the record had been tampered with.

The court is therefore constrained to the view that, in relying upon the changes in the record as grounds for reversal without taking any steps to ascertain whether or not the changes were made by the official reporter, the respondent was guilty of such inexcusable neglect as to merit a reprimand at the hands of the court.