**71 P.(2d) 1037**

**ABBOTT v. SHERMAN MINES, Inc.**

**No. 4248.**

Supreme Court of New Mexico.

Sept. 23, 1937.

Joseph Gill and Harold O. Waggoner, both of Albuquerque, for appellant.

Wm. A. Gillenwater, of Hot Springs, for appellee.

HUDSPETH, Chief Justice.

This is an appeal by the defendant from an order overruling a motion to set aside a judgment rendered in the absence of defendant's attorneys in favor of plaintiff for $8,771.35. Parties will be referred to as plaintiff and defendant. The defendant filed with its answer a demand for a bill of particulars. On the day the cause was set for trial the defendant filed a motion for judg-

ment of dismissal because of the failure of the plaintiff to furnish a bill of particulars under Comp.St.1929, § 105-525. Court denied the motion. Plaintiff volunteered to furnish a bill of particulars and requested a copy of his account on defendant's ledger. After delay, about 5 o'clock in the afternoon, he was given access to the books of the defendant which showed a balance due plaintiff of $7,213.93. There was discussion between court and counsel before adjournment of the appointment of a referee. The record states:

"The Court: You gentlemen get together and come in here tomorrow morning at ten o'clock, and we will see what we can do."

This discussion was continued after the judge left the bench. The court, in his remarks at the conclusion on the hearing of the motion to set aside judgment, said in part: "When the question first came up Mr. Gill said he had just come into the case, as I recall, and he was not very familiar with it, and he said that these matters would have to be investigated and it would take considerable time; that it might take several weeks, ten days anyway. And I think I then said, 'Well, if that is a fact, the case is a proper case for a referee.' Then as I left the bench, I recall very distinctly that conversation on the floor when you gentlemen suggested this, that, and the other person might be a proper referee, but nothing definite was decided, and nothing was said about how it would be financed. Those are the things that stand out very clearly in my mind."

W. H. Gillenwater, Esquire, attorney for plaintiff, testified in part as follows: "There was some discussion in the presence of the Court as to the appointment of a referee to take the evidence in this case. I made two or three suggestions as to who would be appointed, and I take it maybe Mr. Gill made a suggestion or two. I think he did suggest appointing some of the young lawyers from Albuquerque, but we didn't get together on any particular person. I suggested then that if a referee was appointed that we leave the matter to Judge Owen and let him appoint anybody he wanted to. Mr Waggoner indicated that that would be agreeable to him, and Mr. Gill didn't say whether it was or not."

Later in the evening the attorneys for plaintiff and defendant met by appointment for the purpose of agreeing upon the form of order overruling defendant's motion for judgment. Mr. Gillenwater testified regarding that conversation in part, as follows: "The order was short and I glanced over it, and they asked me to O. K. it. I put the paper up against the car and signed it. Mr. Waggoner then took it and put his initials on it, and he then said, 'We are leaving town and will you send us a copy of your bill of particulars when it is filed?' I told him that I would and they got in the car immediately. * * *"

On the following morning the case was called; the court inquired for the attorneys for the defendant and was informed by Mr. Gillenwater that he understood that they had returned to Albuquerque. The rec-

ord does not show that the attorney for plaintiff informed the court that he had agreed the evening before to send the defendant's attorneys a copy of the bill of particulars. The testimony of plaintiff was heard and judgment rendered in his favor for the amount prayed for in his complaint.

 There seems to have been no objection on the part of plaintiff to the appointment of a referee to take the testimony, as shown by the quotations from the record. The matter had reached the point where names were considered, and finally the attorney for plaintiff suggested that they leave the matter of the selection of the referee to Judge Owen. Both attorneys for defendant testified that they thought the matter was definitely settled that Judge Owen would appoint a referee and returned to Albuquerque on the night of the 11th, after the interview with Mr. Gillenwater, without thought of neglecting their client's business or offending the court. An attorney occupies a dual position, owing duties to his client as counsel and to the court as an officer of the court. The learned trial judge stated the issue presented upon the motion for rehearing, as follows: "The crux of this whole controversy here seems to involve the question of good faith of the attorneys engaged in this case representing the Sherman Mines. * * *"

The court was evidently annoyed by the departure of the attorneys without further communication with him, and he remarked that the attorneys for the defendant had been adroit throughout the proceedings. If the trial court's theory was true, the attorneys for the defendant imposed upon the judge and should have been punished for contempt. However, the intent of the attorney is an essential element of the offense. Sparks v. Commonwealth, 225 Ky. 334, 8 S.W.(2d) 397. The practice of the attorneys in leaving Hillsboro where the court was sitting without a stipulation with counsel for plaintiff or definite permission from the court is not to be commended. The right of the litigant should not be overlooked. In Gilbert v. New Mexico Const. Co., 35 N.M. 262, 295 P. 291, the court, speaking through Mr. Justice Watson, said: "To deprive a party of his day in court is a severe penalty for his merely negligent failure to appear. Such penalty should be avoided if it can be done without impeding or confusing administration or perpetrating injustice."

It appears that the court could have appointed a referee without further consulting counsel, or, if he desired to try the case, set it for trial and given counsel time to return from Albuquerque. It appears that the attorneys for the defendant might have concluded—not without reason—that the suggestion of counsel for the plaintiff would have been followed, and the court would appoint a referee of his own choice. This leaves only the offense of negligence on their part in not having a stipulation signed by counsel or a definite understanding with the court.

 No doubt the learned trial judge approached the question on the motion for

rehearing with every effort toward impartiality, and a realization of his duty to guard against the influence of any previous thought or feeling in the matter. However, after a thorough examination of the record and consideration of the arguments of counsel, we are constrained to hold that there was an abuse of discretion on the part of the learned trial judge in overruling the motion to set aside the judgment. For the reasons stated, the judgment should be reversed and the cause remanded, with directions to set aside the judgment. The costs in this court will be taxed against the defendant. It is so ordered.

SADLER, BICKLEY, and BRICE, JJ., concur.

ZINN, J., did not participate.