## Wilhelm, By et al. v. Hendrick, et al.

(Decided December 8, 1915.)

### Appeal from McCracken Circuit Court.

1. Guardian and Ward—Employment of Counsel—Power of Guardian.—A guardian has the power to employ counsel to prosecute and defend actions for his ward and to bind the estate of the ward for the payment of a reasonable attorney's fee.

2. Infants—Attorneys' Fees—Pleadings.—Where, in a suit to recover an attorney's fee for services rendered infants under a contract by their guardian, the facts alleged in the petition show that the services rendered were necessary, the petition is not insufficient because it does not allege in terms that the services were necessary.

3. Infants—Guardian and Ward—Attorneys' Fees—Personal Judgment Against Wards and Guardian as Such—Error.—In an action by attorneys against a guardian and his infant wards to recover attorneys' fees under a contract made by the guardian, it is error to render personal judgment against the wards and against the guardian as such, and to direct that an execution issue thereon.

4. Infants—Attorneys' Fees—Contract With Guardian—Practice.—Where attorneys have rendered professional services in behalf of infant wards, under a contract by their guardian, the proper practice for collecting their fee is to bring a suit in equity and subject the wards' property to the judgment of a reasonable attorney's fee. However, if suit be brought at common law and what is a reasonable fee be submitted to a jury, its verdict will not be disturbed in the absence of the evidence, and the case will not be dismissed because not brought in equity.

5. Executors and Administrators—Parties—Executor and Individual
   —Judgment—Propriety of.—In a suit to recover attorneys' fees
   under a contract alleged to have been made by a party as execu-
   tor and individually, judgment against him as an individual and
   as executor is proper.

D. G. PARK for appellants.

BERRY & GRASHAM and HENDRICK & NICHOLS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming as to James E. Wilhelm, execu-
tor, and individually, and reversing as to James E. Wil-
helm, guardian, and as to Ella B. Wilhelm and others.

John K. Hendrick and Hal S. Corbett, who were part-
ners in the practice of law at the time the services were
rendered, brought this suit against Ella B. Wilhelm,
Amanda Wilhelm, William B. Wilhelm, James E. Wil-
helm, Jr., and James E. Wilhelm, Sr., as executor of
Ella B. Wilhelm, deceased, and James E. Wilhelm, Sr.,
the statutory guardian of Ella B. Wilhelm, Amanda
Wilhelm, William B. Wilhelm, and Jas. E. Wilhelm,
Jr., and against James E. Wilhelm individually, to re-
cover attorneys' fees aggregating $1,500, for services
rendered the defendants in two actions brought by the
Globe Bank & Trust Company, of Paducah, against the
defendants, and one action brought by the First Na-
tional Bank of Paducah, Ky., against the defendants,
and one action brought by George Bains against the de-
fendants, and also for certain services rendered the de-
fendants in the United States Court in the case of the
Register Newspaper Company, Bankrupt. The trial
before a jury resulted in a finding in favor of plaintiffs
for $1,200. Judgment was rendered against all of the
defendants and an execution directed to be issued for
that amount. The defendants appeal.

It appears from the petition that Ella B. Wilhelm,
the wife of James E. Wilhelm, Sr., died testate, and in
the year 1903 her will was probated in the McCracken
County Court. By this will, James E. Wilhelm, Sr.,
was appointed and qualified as the sole executor of his
wife's estate. On April 7th, 1908, he was appointed by
the McCracken County Court and qualified as the stat-
utory guardian of his children, the defendants, Ella B.
Wilhelm, Amanda, Wilhelm, William B. Wilhelm, and

James E. Wilhelm, Jr. The petition charges, in substance, that plaintiffs were employed by James E. Wilhelm, Sr., in his individual capacity, and as executor of his deceased wife, and as the statutory guardian of his children, Ella B., Amanda, William B., and James E., Jr., to represent each and all of said defendants, as individuals, and James E. Wilhelm individually, and as executor of his wife and also as the statutory guardian of his children, to defend for all of the defendants in the actions above referred to. It further appears from the petition that the actions in the State court were brought for the purpose of subjecting the real estate of the defendants to certain debts and claims, and that judgment in all four of the actions were rendered against defendants in the court below. On appeal to this court, the judgments were reversed and the four petitions against the defendants dismissed. It further appears that plaintiffs rendered certain services in the United States Court in the case of the Paducah Register Company, Bankrupt. In all of this litigation about $20,000 was involved. It also appears from the petition that the children of James E. Wilhelm, Sr., were all infants at the time the services were rendered, but perhaps two, and maybe three of them, are now of age.

The point is made that the petition is not sufficient to support the judgment, because it does not allege an employment by the infants themselves, or that the services rendered by plaintiffs were necessary.

It is the well-settled law in this State that a guardian has the power to employ counsel to prosecute and defend actions for his ward and to bind the estate of the ward for the payment of a reasonable attorney's fee. Section 2030, Kentucky Statutes; Sears v. Collie, 148 Ky., 444, 146 S. W., 1117. Therefore, in an action to recover attorneys' fees for services rendered the ward, it is not necessary to allege employment by the ward himself, but it is sufficient to allege that the contract of employment was made by the guardian, for and on behalf of his ward.

There is no merit in the contention that the petition is insufficient because it does not allege in terms that the services were necessary. Here the petition shows that there were certain actions pending against the wards. Plaintiffs were employed to represent them in these actions. In four of these actions there were judg-

ments against the wards in the court below. On appeal the judgments were reversed and the petitions dismissed. Manifestly, if it had not been for the services of plaintiffs the estate of the wards would have been subjected to the payment of the claims on which the suits were based. Clearly the facts alleged show that the services were necessary, and, that being true, the petition is not insufficient because it did not allege in terms that the services were necessary.

It appears, however, that, although the wards were infants at the time the services were rendered and the contract of employment was made on their behalf by the guardian alone, yet personal judgment was rendered against the wards and execution directed to be issued against their estate. Inasmuch as the guardian had authority only to bind the estate of his wards, it was error to enter personal judgment against the wards and to direct that an execution issue thereon. Indeed, the proper practice in a case like this would be to bring suit in equity to subject the wards' property to the payment of a reasonable attorneys' fee. Inasmuch, however, as either party would have had the right to have the question of the amount of the fee determined by a jury on an issue out of chancery, the action will not be dismissed because not brought in equity, but the finding of the jury in the absence of the testimony will be regarded as final and conclusive. On the return of the case, plaintiff will be permitted to file an amended petition for the purpose of subjecting the wards' estate to the payment of the fee fixed by the jury.

Inasmuch as the pleadings show that the contract of employment was made by James E. Wilhelm, Sr., as executor, and in his individual capacity, it follows that the judgment as to him, as executor and individually, is proper. But that portion of the judgment which adjudges a recovery against him as guardian and directs an execution to issue, is erroneous, because the estate of the infants could not be subjected in that manner.

As to James E. Wilhelm, executor and individually, the judgment is affirmed. As to James E. Wilhelm, Sr., guardian of his children, and as to Ella B. Wilhelm, Amanda Wilhelm, William B. Wilhelm, and James E. Wilhelm, Jr., the judgment is reversed for proceedings in conformity with this opinion.