## Roederer v. Schmitt.

**(Decided March 15, 1935.)**

WILLIAM ALPHA HUBBARD and L. G. BRADBURY for appellant.

M. JOSEPH SCHMITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

M. Joseph Schmitt, a member of the Jefferson county bar brought this suit against Lena Roederer to recover $2,500 for services rendered in procuring a survivorship deed to certain property belonging to her husband, and $2,500 for services rendered in attempting to secure an adjustment of her claim against Dan Carpenter and the Mutual Benefit Health & Accident Assurance Society. From a judgment for $850 on the first count, and for $1,500 on the second count, Mrs. Roederer appeals.

Appellant insists that the verdict is excessive, and

that the court erred in not requiring appellee to file in the record photostatic copies of certain checks which he claimed to have procured in the proceeding against Dan Carpenter and the insurance company.

Mrs. Roederer testified that she did not employ appellee to obtain the survivorship deed, but that her husband employed him, and paid him $500 for his services. On the other hand, appellee testified that he was employed by Mrs. Roederer, and gives the following account of his services: Mr. and Mrs. Roederer were having trouble. He owned some 48 odd acres of land on the Taylorsville road in which Mrs. Roederer had only an inchoate right of dower. The property was encumbered, but was worth many thousand dollars in excess of the mortgage. Before procuring the deed, appellee examined the title to the property, which included the examination of several deeds. This consumed about two weeks. After that he succeeded in procuring the survivorship deed. On this item his services were worth $2,500.

With respect to the claim against Carpenter and the insurance company we have the following situation: The insurance company's check for $12,500 was delivered to Carpenter who procured Mrs. Roederer's indorsement on the assurance that he would invest the money for her. This he failed to do, and appellee was employed to prosecute Carpenter and recover the money. It took him about three months to perform this service, and he had a great deal of detective work to do. He discovered that the money was deposited in bank in the name of Carpenter. He succeeded in getting a copy of every investment made by Carpenter and photostatic copies of all his checks. He prosecuted Carpenter in the lower court, and assisted in having him indicted in the circuit court. During all this time he had many conferences with Mrs. Roederer and with various attorneys and parties interested in the matter. After he had gotten matters in shape to collect the money, Mrs. Roederer discharged him. In his opinion, he could have recovered all the money. For these services he fixed his fee at $2,500. Joseph Solinger testified that for appellee's services in procuring the survivorship deed a reasonable fee was from $1,500 to $2,000, and that for his services against Carpenter and the insurance company a reasonable fee would be $1,250.

This is not a case where in a pending action counsel

was entitled to a reasonable fee to be allowed by the court, and asked the court to make such an allowance. In that character of cases the court is not controlled by the evidence alone, but may exercise its own judgment. Here we have a common-law action to recover a reasonable fee. In that character of action the question is for the jury, and the court will not set aside its finding where it is sustained by the evidence. Williams et al. v. Murrell's Adm'r, 13 S. W. 1075, 12 Ky. Law Rep. 307. Appellant introduced no evidence on the question, and, the fee fixed by the jury being within the limit fixed by appellee and his witness, the verdict will not be disturbed.

Respecting the contention that the court erred in failing to require appellee to file in the record the photostatic copies of certain checks, we have this situation: After appellee had testified that he had succeeded in getting photostatic copies of all the checks Carpenter had deposited, the following occurred:

"By Mr. Luscher: I think you ought to make those part of the record.

"By the Court: Are you going to file them.

"By Mr. Schmitt: I am going to—

"By the Court: Those photostatic copies?

"By Mr. Schmitt: I don't think it is necessary to file them.

"By the Court: I think you better file them as we go along.

"By Mr. Schmitt: I am going to object to that, because they want to get hold of those, so that they can get this money without paying me a fee. I will show that before I get through. Reserve your ruling on that, Your Honor please.

"By Mr. Luscher: He is testifying to papers without making them a part of the record."

The argument is that appellee was charging appellant for services in obtaining the photostatic copies of the checks to be used as evidence, and the court refused to require him to furnish the evidence so obtained. What would have been the effect of the court's ruling if the matter had been brought again to the attention of the court and the court had refused to require the filing of the photostatic copies we need not inquire. It seems to us that counsel for appellant should then and

there have insisted on a definite ruling, or have thereafter brought the matter to the attention of the trial court, and not having done either of these things he is not in a position to complain that the court erred in not requiring the photostatic copies of the checks to be filed.

Judgment affirmed.