## Auxier v. Floyd County et al.
(Decided Nov. 13, 1936.)

S. S. WILLIS for appellant.
FORREST D. SHORT for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

The fiscal court of Floyd county, upon its organization in January, 1934, became convinced that the financial affairs of the county were in bad condition, due to irregularities practiced by formerly constituted fiscal courts. They began at once to put the budget law into

effect and to use their efforts in working improvements in the system of administering the fiscal matters. In furtherance of this expressed design the court negotiated with appellant, a lawyer of unquestionable standing and thoroughly recognized ability who lived in an adjoining county. Their conferences resulted in the adoption on February 5, 1934, of a resolution wherein the above referred to irregularities and errors were set forth, along with an expression of their purpose to rectify them. The resolution evidenced the employment of appellant to "advise, cooperate and associate with the county attorney as special or assistant attorney of record in the investigation and legal proceedings hereunder," the services to be rendered "* * * for the consideration of a reasonable fee, and in addition thereto his necessary and reasonable expenses, the amount of which fee is to be agreed upon between himself and this court or if not so agreed upon, the amount thereof to be determined by the circuit court of Floyd county upon the instance of both or either of said parties, and an appeal from said circuit court by either thereof desiring such appeal."

A survey of the petition shows that from the beginning of the term of the court as then constituted, there were conferences between some members of the court, the county attorney, and appellant. At these conferences matters as they existed were discussed, as well as procedure and plans whereby the evils might be remedied. These matters were set out substantially in the resolution, though not fully, as developments could not be anticipated.

It is not necessary to set out in detail the services rendered by appellant to the fiscal court, since from the conclusions reached by this court a recital would not be of benefit to the parties, nor furnish any criterion by which to measure the value of legal services in any future case. We may say that from a careful reading of the pleadings, and such proof as was introduced, the efforts on part of appellant were of great benefit to the Floyd fiscal court. Appellee admits as much and makes no complaint of the quality of service afforded by appellant.

The resolution under which appellant was employed directed the payment of a retainer of $1,500, which was paid, as have been all expenses contemplated in the resolution. Appellant at some time in December, 1935, pre-

sented his account to the fiscal court for a balance due of $3,500; the court declining to order such allowance, instead entered an order allowing appellant $500 in full of balance due for services. The appellant declined to accept. No appeal was taken from that order, but appellant later began the prosecution of his claim by filing a petition, in which he sought to have the court fix the balance of the fee at $5,000. Issue was joined by answer, and no objection to the employed procedure was made.

In the court below appellant appeared as a witness, and to sustain his claim referred the court to his petition as his deposition. He likewise referred to and made part of his deposition records of the Floyd circuit court in the matters in which he had appeared for his client. These records are not before us. Appellant after referring to them indicated that the presiding judge hearing his case had heard these cases, and was therefore familiar with the proceedings.

There was only one witness for appellee, the county attorney, and he admits that the services rendered by appellant were satisfactory and accomplished much good; however, he asserts that in all matters undertaken and carried forward under the court's resolution, he was aiding and assisting, both in the preparation of necessary pleas, motions, briefs, etc., and in attendance upon the various courts.

The county attorney testified that the beneficial results to the county, raising of its warrant values from 50 per cent. to par, the admitted re-establishment of the credit of the county, and elimination of questionable practices, were due to the joint efforts of the attorneys; that other factors, such as the personnel and attitude of the new court, and the putting into effect the budget plan, had much to do with the improvement in the financial health of the county. The county attorney testified that from his viewpoint the reasonable value of the services rendered was $2,000, subject to a credit of $1,500 already paid.

The court below heard the evidence and had before him the pleadings and the records in suits in his court referred to by appellant. Upon consideration of these, the court concluded the value of the services rendered to be $2,900, and gave judgment to appellant for $1,400,

with interest from date thereof, from which judgment appeal was promptly prosecuted. Since the filing of the appeal appellee moved for and was granted a cross-appeal.

We do not have here a claim for an attorney's fee in a pending action wherein there is a difference of opinion between claimant and client as to the reasonable amount of a fee, in which character of case the court below is not controlled by the evidence, but may himself exercise a reasonable judgment. Roederer v. Schmitt, 258 Ky. 398, 80 S. W. (2d) 35. In reality this suit regardless of the form must be viewed as a common-law action to recover a fee. The injunctive relief sought was mandatory in its nature and perhaps altered the form, but be that as it may, we must view the court's judgment as one having been upon a verdict rendered by a jury under proper instructions and when so viewed we can see no way by which we may disturb the finding of the court below. Williams v. Murrell's Adm'r, 13 S. W. 1075, 12 Ky. Law Rep. 307. The court had only one matter to decide, and that was the fixing of a reasonable fee, for services about which there was little or no dispute. The only contrariety of opinion was as to whether or not the final results obtained were due solely to activities of the attorneys, or, as stated above, partly a change in personnel and methods, and as to the amount which would represent reasonable compensation.

We have held that in actions such as this, where a question is presented for a jury's consideration (or a court where submitted to it), that if there is sufficient evidence to sustain the finding this court will not disturb the judgment. In the absence of a showing of some error or mistake in the consideration of the evidence, this court will not disturb the finding of the lower court. Warren Deposit Bank v. Barclay, 60 S. W. 853, 22 Ky. Law Rep. 1555; Patton v. Blevins, 261 Ky. 307, 87 S. W. (2d) 623.

There is no error pointed out which would authorize this court to disturb the judgment below, and we are unable to find any ground upon which we could predicate a reversal. Our conclusion necessarily carries with it an affirmance of the cross appeal.

Judgment affirmed on original and cross appeal.