## Williams v. King et al.

Nov. 9, 1943.

L. S. Poston for appellants.

W. A. Armstrong for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On June 11, 1928, appellant, H. O. Williams, borrowed $1,000 from the appellee Thomas M. King. Apparently it was the understanding of the parties that the loan was temporary and would be paid shortly. Appellant failed to make any payment on the loan, and after the lapse of more than six months the appellee asked him for a note. On January 23, 1929, appellant executed and delivered to appellee two notes, one in the sum of $400, due one year after date, and one in the sum of $500, due two years after date. Both notes were dated June 11, 1928, the date the loan was made. Appellant, an attorney, had performed legal services for the appellee during the six months' period for which he charged $100, and that amount was credited on the loan. Nothing was paid on the notes until July 5, 1938. Thereafter several small cash payments were made, reducing the amount of the notes to $726.99, with interest calculated from June 11, 1928. The last payment was made December 20, 1941. On March 14, 1942, appellee Thomas M. King brought this suit to recover $726.99, with interest from December 20, 1941. On June 1, 1942, an amended petition was filed in which it was alleged that Thomas M. King on September 27, 1941, assigned a one-half interest in the notes to E. H. King, and it was asked that E. H. King be made a party plaintiff and that the action proceed in the name of Thomas M. King and E. H. King as plaintiffs. The defendant in his answer pleaded payment in full. The case was tried on June 24, 1942, and at the conclusion of the evidence the defendant tendered an amended answer, to conform with the proof, in which he alleged that the notes had been materially altered by the addition of the words "with interest"; that these words were added subsequent to the execution of the notes without the knowledge or consent of the defendant; and that they constituted a material alteration which rendered the notes invalid and unenforceable. He also alleged in the amended answer that late in the year 1929 he performed legal services for the plaintiff Thomas M. King in Cincinnati, Ohio, in connection with the formation of a cor-

poration, which were reasonably worth $500, and he asked that the notes be credited with that amount. Plaintiffs' objection to the filing of the amended answer and their demurrer thereto were both overruled, and they filed a reply traversing the averments of the amended answer and pleading the 5-year statute of limitations as to the alleged services. The defendant offered instructions, including one on the issue as to the alleged material alteration of the notes, which read: "If the jury believes from the evidence that the notes sued on were, without the knowledge and consent of the defendant after his execution and delivery of same, altered by adding the words 'with interest', then the law is for the defendant and you shall so find."

The court refused to give the instructions offered by the defendant, and, on its own motion, instructed the jury as follows:

"(1) You will find for the plaintiffs, Thomas M. King and E. H. King, and against the defendant, H. O. Williams, in the sum of $726.99, with interest thereon at 6% per annum from December 20, 1941, unless you shall believe from the evidence that the notes sued on, with interest, have been paid in full, in which event you will find for the defendant, H. O. Williams, saying so by your verdict and no more, or unless you shall believe from the evidence that said notes have not been paid in full but that an amount in excess of $173.01, admitted by plaintiffs, has been paid by defendant, in which event you will find for the plaintiffs for the unpaid balance of said notes, with interest at 6% per annum from dates to be determined by you under the second instruction.

"(2) If the jury believe from the evidence that the notes sued on did not contain the words 'with interest' when signed by defendant, then the interest runs from the date of the maturity of the notes. If the words 'with interest' were in the notes when signed by defendant, then the interest runs from the date of the notes."

The jury returned the following verdict: "We the jury find for plaintiff as of instructions as first instructions (1). Paragraph (1) $726.99 without interest."

The verdict is confusing, and whether the jury meant to find that the words "with interest" were added after the notes were executed we are unable to determine, but, be that as it may, the instructions are misleading and er-

roneous. The appellant's testimony concerning the services rendered by him in 1929, which he claims were reasonably worth $500, was vague and uncertain. He neither mentioned them nor made any claim concerning them for more than ten years. He made no record of the date or character of the services, and his testimony on the subject is extremely hazy. He claimed he prepared and submitted suggestions or recommendations concerning some corporation which appellee Thomas M. King proposed to organize. He thought he prepared the by-laws, but was unable to remember the name of the proposed corporation. It is conceded that his suggestions were not adopted. The evidence on this question was wholly insufficient to warrant its submission to the jury.

Photostatic copies of the notes were filed with the petition, and the plaintiff offered to file the originals if required to do so. The originals were introduced in evidence during the trial, and an examination of them disclosed that the words "with interest" were written with blue ink while the other writing on the notes was with black ink. The appellant then filed the amended answer alleging that the words "with interest" had been added without his knowledge or consent after he signed the notes. He testified that it was his understanding the notes were not to bear interest until maturity, and that the words "with interest" were not on the notes when he signed them. Appellee Thomas M. King testified that he prepared the notes at his office in Ashland, Kentucky, several days before they were signed. On the day the notes were signed he added the words "with interest," but with different pen and ink, and then drove to appellant's home where they were signed. There was sufficient conflict in the evidence as to when the alteration was made to authorize a submission of this issue to the jury. A material alteration of a negotiable instrument without the assent of all parties liable thereon vitiates the instrument except as against a party who has himself made, authorized, or assented to the alteration and subsequent endorsers. KRS 356.124. The statute makes material any alteration which changes the sum payable, either for principal or interest. KRS 356.125. These provisions of the negotiable instrument law are merely declaratory of the common law. In Jones v. Jones, 254 Ky. 475, 71 S. W. (2d) 999, the payee of a note changed the rate of interest on the note from 6% to 8%. It was found that the alteration was made after the payors had

signed it and without their consent. Although 8% is usurious and the payee, under the law, could not have collected more than 6%, yet it was held that the alteration was material and vitiated the note. The notes executed by appellant bore interest from maturity unless the words "with interest" were on the notes when he signed them. The addition of these words, if made after he signed the notes and without his assent, increased his obligation and was a material alteration. White v. Shepherd, 140 Ky. 349, 131 S. W. 17; 10 C. J. S., Bills and Notes, Section 486; 2 Am. Jur., Alteration of Instruments, Section 66. The sole issue in the case is whether or not the alteration was made as claimed by appellant. If the evidence is substantially the same on another trial, the court should instruct the jury to find for the plaintiff in the sum of $726.99, with 6% interest thereon from December 20, 1941, unless they find for the defendant under instruction No. 2. Instruction No. 2 should submit the issue as to the alteration of the notes in the language of instruction No. 1 offered by the defendant on the first trial, or substantially so.

The judgment is reversed, for further proceedings consistent herewith.