# Jefferson County ex. rel. Grauman, County Attorney v. Jefferson County Fiscal Court

Jan. 22, 1946.

Lawrence S. Grauman for appellant.

Samuel Steinfeld for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

There are more than 500 election precincts in Jefferson County. Voting machines are now in use in only a few precincts, but the Fiscal Court has provided for the installation of 275 additional machines and this necessitates a change of boundaries of practically all the election precincts of the County by the County Court. In KRS 116.180 it is provided that no precinct shall contain more than 350 voters. This statute applies where voting machines are not used. KRS 125.180 provides that where voting machines are designated to be used "the county court, subject to the other provisions of the general election laws as to changing the boundaries of voting precincts, may change the boundaries of precincts or consolidate precincts so that a precinct in which a voting machine is to be used may contain any number of registered voters not exceeding seven hundred." After the Fiscal Court provided for the use of voting machines in all precincts in Jefferson County, the

Jefferson County Court appointed three commissioners to make a study, survey, and report of the changes which are desirable and necessary. On December 3, 1945, the Fiscal Court entered an order appropriating $500 from the contingent appropriation fund from which to make payments on account to the three commissioners for the work to be performed by them. The County Attorney, who had advised the Fiscal Court that it had no authority to make the appropriation, took an appeal from the order and with his appeal filed a petition for a declaration of rights. The chancellor adjudged that the order of the Jefferson Fiscal Court adopted December 3, 1945, was valid in every respect, and the County Attorney, on behalf of the County, has appealed.

Appellant's argument for reversal of the judgment is based principally on the well-recognized rule that the fiscal court of a county is a tribunal possessing only limited powers and has no authority to appropriate county funds unless such authority has been delegated to it, expressly or impliedly, by some provision of law. This rule has been applied in numerous cases by this court, including Jefferson County v. Jefferson County Fiscal Court, 269 Ky. 444, 107 S. W. 2d 320, and Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. 2d 271. It is appellant's contention that there is no statutory authority, express or implied, for the appropriation in question. KRS 116.190 reads in part:

"Whenever the public convenience or the public good requires it, the county court of any county may change the boundaries of any election precinct in the county, or divide any precinct into two or more precincts, or consolidate two or more precincts into one, but no change, division or consolidation shall be made after the June term of the court next preceding an election. No change, division or consolidation shall be valid unless due notice is given, at least one month before any election, by one publication in the newspaper published in the county that has the largest circulation therein, or by posters put up in four of the most public places in the precinct."

It is argued that there is no provision in this section of the Statutes which allows or authorizes the County to pay the County Judge or anyone selected by the County Judge to assist him for services rendered

in changing the boundary lines of the precincts. There is no express authority for an appropriation by the Fiscal Court to pay for the newspaper publication or for putting up the posters, but this is necessarily implied. We think that authority is likewise necessarily implied to appropriate funds to pay commissioners appointed by the County Court to make a survey, gather data, and make a report showing the facts in order to enable the Court to act intelligently. When the Legislature, by Chapter 181 of the Acts of 1942, KRS 125.010 et seq., authorized the use of voting machines, and in Section 18 of the Act, now KRS 125.180, empowered the county court to change the boundaries of precincts or consolidate precincts so that a precinct may contain any number of registered voters not exceeding 700, it knew that it might be necessary to redistrict an entire county and that it would be impracticable for the county court to do this without assistance, particularly in a thickly settled county. In order to accomplish the purpose of the Act, the appointment of commissioners is necessary. The county court exercises both judicial and administrative functions, Pratt v. Breckinridge, 112 Ky. 1, 65 S. W. 136, but in dividing a county into election districts or in changing the boundaries of election districts, it acts in a judicial capacity. Under KRS 116.190 it must hear and determine the question as to whether the public convenience or public good requires a change in the boundaries of the election precincts. The provisions of the statute are mandatory and the court must act to maintain the standard of precincts prescribed by the statute, but it is given discretion to make them conform as nearly as practicable to that standard. Korb v. Fox, 225 Ky. 534, 9 S. W. 2d 298. It may be necessary to hold a hearing, take proof, and make surveys to ascertain the conditions of the election precincts in order to enable the court to exercise a sound discretion. A judicial determination of facts is required, and the proceeding is necessarily a judicial one. The power to appoint commissioners to aid the presiding judge in the performance of specific judicial duties is inherent in a court. As said in 14 Am. Jur., Courts, sec. 22:

"The power to appoint necessary attendants upon the court is inherent in the court in order to enable it to perform properly the duties delegated to it by the Constitution, and it cannot be doubted that judicial

power includes the authority to select persons whose services may be required in judicial proceedings or who may be required to act as the assistants of the judges in the performance of their judicial functions, whether they are referees, receivers, attorneys, masters, commissioners, or judges and clerks of elections."

We think that the judgment appealed from correctly declared the rights of the parties, and it is affirmed.