John Henry WARNER and Robert G. Zweigart, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 4, 1966.

Robert G. Zweigart, Maysville, for appellants.

Robert Matthews, Atty. Gen., John Browning, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

John Henry Warner filed a motion in the circuit court under RCr 11.42 to vacate a judgment of January 1964 by which he was given a four-year sentence for carrying concealed a deadly weapon. The court appointed Attorney Robert G. Zweigart as counsel to represent Warner in the motion proceedings and held a full hearing, following which the motion was denied. Zweigart then moved the court for allowance of a fee, to be paid by the county or from some other public source, for his services in Warner's motion proceedings. This motion also was denied.

We have an appeal by Warner from the order overruling his RCr 11.42 motion, and an appeal by Zweigart from the order overruling his motion for a fee.

On Warner's appeal the only point argued is that he was denied effective assistance of counsel. This is on the theory that evidence of his carrying a concealed weapon was obtained by an illegal search, but counsel appointed to represent him on the trial did not advise him that the evidence could be excluded, and therefore he was misled into pleading guilty. The theory is not sustainable because, first, there was evidence on the hearing of the RCr 11.42 motion that Warner was fully and properly advised by his appointed counsel, prior to his plea of guilty, on the question of admissibility of the evidence obtained by the search; and, second, the circumstances of

the search as developed on the hearing of the motion indicate that the search was legal.

Zweigart's claim of a right to a fee for his services is predicated on the proposition that a court order requiring an attorney to represent an indigent defendant in a post-conviction proceeding constitutes a taking of the attorney's property for which the government is required, under the Fifth Amendment to the United States Constitution, to compensate him.

The holding of the United States District Court for the District of Oregon in Dillon v. United States, 307 F.2d 445, supported the above proposition, but that holding was reversed, and the reasoning of the District Court was rejected, by the United States Court of Appeals for the Ninth Circuit in United States v. Dillon, 346 F.2d 633. The latter decision is in accordance with our views as hereinafter expressed, and it is well documented.

 Traditionally, an attorney has been considered to be an *officer of the court*. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Beauchamp v. Cahill, 297 Ky. 505, 180 S.W. 2d 423; Sparks v. Commonwealth, 225 Ky. 334, 8 S.W.2d 397; 7 Am.Jur., 2d, Attorneys at Law, sec. 3, p. 45. The office, which a person enters upon by accepting a license to practice law, carries the obligation of performing certain kinds of services, among which has been the representation of indigent defendants in criminal cases. Powell v. State of Alabama, supra. Compensation is not an indispensable element of an office, and there is no general constitutional requirement that every officer be compensated. 42 Am.Jur., Public Officers, sec. 6, p. 884; 43 Am.Jur., Public Officers, sec. 340, p. 134. Thus the concept has been that an attorney who is required to devote his time and knowledge to the representation of an indigent in a criminal case is merely fulfilling an uncompensated duty of the public office which he chose to attain, and he is not

in the status of a private citizen being deprived of property without compensation.

In recent times a rapidly progressive broadening of views of the courts as to the stages at which indigents accused of crime (or even convicted of crime) are entitled to representation by counsel has resulted in a great increase in the amount of time and effort required to be devoted by the legal profession to this service. The demands of this service are reaching such proportions that the rendering of the service threatens to become a major function of the practice of law instead of a merely collateral responsibility of the office of attorney. The question properly has arisen whether the traditional concept, that the legal profession should furnish legal representation without compensation to the indigent, any longer is fair and just in its application—whether the burden has become such that society should no longer expect the Bar to carry it alone.

Congress has moved forward by making provision for compensation by the federal government to assigned counsel representing indigents in the federal courts. The Criminal Justice Act of 1964, 18 U.S.C. § 3006A. Some of the states have made provision for compensation for representation in the state courts; e. g., Wisconsin, Sec. 256.49 Stats.

In Kentucky, the Governor's Task Force on Criminal Justice has studied the problem of legal representation for the indigent and has given consideration to a plan of state-paid compensation for assigned counsel.

 While we think there is merit in the proposition that assigned counsel should be compensated we are not convinced that the point of time has arrived at which this Court should rule that the traditional concept of the duty of the attorney as an officer of the court to represent the indigent is no longer valid, and that the

public treasury can be compelled by court order to make compensation. We think it is appropriate for the time to defer to legislative action.

The orders appealed from are affirmed.