Robert JONES, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 27, 1967.

John T. Fowler, Louisville, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, Edwin Schroering, Commonwealth's Atty., Louisville, for appellee.

CULLEN, Commissioner.

In Jones v. Commonwealth, Ky., 389 S.W.2d 927, this Court directed the Jefferson Circuit Court (Criminal Branch, First Division) to grant Robert Jones, Jr. a hearing on his RCr 11.42 motion seeking to vacate a 1962 judgment under which, upon his plea of guilty to a charge of robbery, he had been sentenced to an eight-year term in the penitentiary. The allegations which we held to require a hearing were that court-appointed counsel refused to defend Jones if he would not plead guilty, and that the plea was made under duress.

In accordance with the direction of this Court the circuit court appointed counsel for Jones and granted him a full hearing, at which a considerable amount of testimony was taken. At the conclusion of the hearing the court found that there had been no duress or coercion—only reasonable persuasion. The court found also that Jones' counsel for the trial had not refused to defend Jones if he would not plead guilty. Accordingly, the court overruled the motion.

■ The findings are amply supported by the evidence. Jones was in a precarious position. He was charged with armed robbery. On a previous trial he had been found guilty and the jury had imposed the death penalty. This conviction had been reversed on appeal (in an unpublished opinion), but only for trial errors and not on the ground of insufficiency of the evidence. The record on the 11.42 hearing indicates that Jones' counsel and friends simply pointed out to him the serious danger of his being given another sentence of death, stated to him their belief that his interests would best be served if he were to plead guilty to a reduced charge of plain robbery, and pleaded with him to take the latter course. The record does not warrant a conclusion that there was any duress or coercion other than that inherent in the predicament in which Jones had placed himself. We find nothing to indicate that there were pressures or inducements such as would make it unfair to hold Jones to his plea. Cf. Higbee v. Thomas, Ky., 376 S.W.2d 305.

It is our opinion that the circuit court properly overruled Jones' motion.

■ The appointed counsel for Jones moved this Court for an order requiring the state to reimburse him for his out-of-pocket expense in the typing and duplicating of the brief for Jones on this appeal. The motion was overruled, but counsel has sought to renew it. Regardless of the question of renewability, the motion does not present a matter proper for original action by this Court. Where counsel seeks any relief personally the requirement always has been that the motion be made in the lower court and, if denied, that counsel make himself a party appellant. Cf. Carter v. Carter, Ky., 382 S.W.2d 400; Bobbitt v. Bobbitt, 297 Ky. 28, 178 S.W.2d 986; Warner v. Commonwealth, Ky., 400 S.W.2d 209.

For guidance, we deem it appropriate to say that the question sought to be presented here, of reimbursement for out-of-pocket expense, is in our opinion not substantially distinguishable from the question of payment of a fee for services as was presented in Warner v. Commonwealth, Ky., 400 S.W.2d 209; we note that the General Assembly has not had an opportunity since publication of the opinion in Warner to act upon the problem; and until then we shall continue to be disposed to defer to legislative action.

We deem it appropriate also to call attention to the provision of RCA 1.200(e) for relief from hardship in respect to brief requirements.

The judgment is affirmed.