**COMMONWEALTH of Kentucky, DEPARTMENT OF CORRECTIONS, Appellant,**

**v.**

**Francis D. BURKE, Attorney for Walter Hammershoy, Appellee.**

Court of Appeals of Kentucky.

March 29, 1968.

**450**

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellant.

Francis D. Burke, Joseph W. Justice, Burke & Justice, Pikeville, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment allowing an attorney's fee of $1500 to appellee for representing an indigent criminal defendant, to be paid by the Commissioner of Corrections out of an appropriation made by the 1966 General Assembly. The Department of Corrections acknowledges the reasonableness of the allowance and recognizes the fairness of an attorney's claim for such representation. However, appellant contends there is no statutory or other authority for the allowance of attorneys' fees in such cases.

We are cognizant of the increasing demand made upon the members of the legal profession to furnish constitutionally guaranteed counsel services to indigent persons charged with crimes. It is contended by appellee that since society is required to furnish these services, society should assume the responsibility of paying adequate compensation for them. We cannot refute this proposition. It is only fair and just. The difficulty is that there exists at the present time no authorized procedure for paying such claims nor a fund out of which they may be paid.

In 1966 the legislature in its budget appropriated $100,000 for "Public Defenders". This appropriation appears as follows in H.B. 1:

"C. Public Defenders

| 1966–1967 | $50,000 |
| 1967–1968 | $50,000" |

This bare appropriation obviously does not create a fund from which compensation properly could be paid to appointed lawyers representing indigent defendants. While such lawyers may in a realistic sense be "Public Defenders", the term is generally understood to mean persons holding a governmental office with specified legal duties to perform. In any event, the purpose of this appropriation and the contemplated utilization of the fund cannot be known. It may be that the legislature intended this money be used to set up some sort of "public defender" system or to further research in connection therewith. But in the absence of some law so directing, there is simply nothing to guide us with respect to the manner in which this appropriation could be properly expended. Certainly the legislature has not authorized its disbursement for the purpose herein sought.

Appellee insists this vital matter of compensation involves the "administration of justice" and urges us to devise some system for the allowance of reasonable attorneys' fees as necessary costs of administering the criminal laws of this Commonwealth. A present insurmountable obstacle is that no system we could devise would be workable since the judiciary has

no funds available for this purpose. Although appellee argues to the contrary, we believe this subject is, and should be, a legislative matter. Only the legislature can provide sufficient funds to finance such a project, and of course the legislature must necessarily create the system under which these funds could be properly disbursed.

This very serious problem has been before us recently in Warner v. Commonwealth, Ky., 400 S.W.2d 209, and Jones v. Commonwealth, Ky., 411 S.W.2d 37. In both cases we expressed our intention to defer to legislative action. It is almost a matter of necessity that we do so.

We recognize the merit in appellee's position and that of many other attorneys who are performing an absolutely essential and valuable public service. They are being compelled to perform work for the government without compensation. We cannot refrain from expressing the wish that other departments of government recognize this grave problem and take appropriate steps, as has been done in other states, to rectify the situation.

■ We acknowledge the laudable motives which impelled the circuit court to make this allowance to appellee, but such court lacked authority to require its payment by the Commissioner of Corrections from the appropriation above discussed.

The judgment is reversed.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE and PALMORE, JJ., concur.

### SEPARATE OPINION OF THE COURT

STEINFELD, Judge.

I concur in so much of the opinion of the court which holds that the judgment against the Commonwealth of Kentucky, Department of Corrections should be reversed. See discussion this subject 7 Am.Jur.2d 167, Attorneys at Law, § 207. However, I respectfully disagree with that part of the opinion which holds that fixing the amount of compensation for the attorney was improper.

In Jefferson County ex rel. Grauman v. Jefferson County Fiscal Court, 301 Ky. 405, 192 S.W.2d 185 (1946) is found the following statement:

"As said in 14 Am.Jur., Courts, § 22:

'The power to appoint necessary attendants upon the court is inherent in the court in order to enable it to perform properly the duties delegated to it by the Constitution, and it cannot be doubted that judicial power includes the authority to select persons whose services may be required in judicial proceedings or who may be required to act as the assistants of the judges in the performance of their judicial functions, whether they are referees, receivers, attorneys, masters, commissioners, or judges and clerks of elections.' "

The law is now clear that all accused of crime are entitled to effective representation by counsel at all critical stages of the litigation. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733 (1963); Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3rd 974 (1966) and Smith v. Commonwealth, Ky., 412 S.W.2d 256 (1967).

I deem it proper for the trial court in cases such as the one we have before us to determine the amount which that court considers reasonable compensation. "The trial court, where the services were performed in that court, has a large measure of discretion in fixing the reasonable value of legal services." 7 Am.Jur.2d 183, Attorneys at Law, § 235. Roederer v. Schmitt, 258 Ky. 398, 80 S.W.2d 35 (1935); Dorman v. Baumlisberger, 271 Ky. 806, 113 S.W.2d 432 (1938). The judgment should not be reversed insofar as it fixes the

amount of the attorneys fee. Attempts to collect from other sources are not now before us. I would affirm in part and reverse in part.

MONTGOMERY, J., concurs in this opinion.