**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**PENIAMINA WILSON, Defendant**

High Court of American Samoa
Trial Division

CR No. 8-93

March 31, 1993

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, BETHAM, Associate Judge.

Counsel:      For Plaintiff, Donald M. Sheehan, Assistant Attorney General
Jill W. Crew, Pro Se

On Motion to Withdraw:

On March 16, 1993, District Court Judge Pro Tempore Roy J.D. Hall, Jr. appointed Jill W. Crew, a newly admitted member of the American Samoa Bar Association, as the court-appointed counsel for defendant Peniamina Wilson. Counsel Crew filed a motion to withdraw from her appointment as defense counsel on March 23, 1993, and a hearing on her motion was held on March 30, 1993. She claims financial hardship and argues, among other things, a constitutional "taking" without just compensation.

The established tradition and practice in this jurisdiction has been such that members of the bar may be appointed, without compensation if necessary, to represent indigent defendants in criminal cases. This practice follows the majority rule, which permits a court to appoint counsel based on an attorney's status as an officer of the court. As one court noted, "[t]he vast majority of federal and state courts which have addressed the due process issue have decided that requiring counsel to serve without compensation is not an unconstitutional taking of property without just compensation." *Williamson v. Vardeman*, 674 F.2d 1211, 1214-15 (8th Cir. 1982); *see Powell v. Alabama*, 287 U.S. 45, 73 (1932); *United States v. Dillon*, 346 F.2d 633, 635-36 (9th Cir. 1965), *cert. denied* 382 U.S. 978 (1966); *Family Division Trial Lawyers of the Superior Court--D.C., Inc. v. Moultrie*, 725 F.2d 695, 705 (D.C. Cir. 1984). Thus, there is no "taking" of a lawyer's "services without just compensation when he performs an obligation imposed upon him by the ancient traditions of his profession and as an officer assisting the courts in the administration of justice." *Dillon*, 346 F.2d at 636; *see Moultrie*, 725 F.2d at 705 (quoting *Dillon*); *Williamson*, 674 F.2d at 1215 (quoting *Dillon*).[1]

In reaping the benefits as a legal professional, an attorney accepts his office *cum onere*. One of his duties includes the gratuitous representation of indigent defendants. *Williamson*, 674 F.2d at 1214-15;

---

[1] Counsel's citation of *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296 (1989), is inapplicable. The U.S. Supreme Court specifically stated that its decision was limited to interpreting 28 U.S.C § 1915(d), which permits a federal court to "request" an attorney to represent a person claiming *forma pauperis* status. *Id.* at 310. Indeed, the Court noted the ethical obligation of lawyers "to volunteer their time and skills." *Id.*

160

*Moultrie*, 725 F.2d at 705; *Warner v. Commonwealth*, 400 S.W.2d 209, 211 (Ky. App. 1966), *cert. denied* 385 U.S. 858 (1966); *People v. Randolph*, 219 N.E.2d 337, 340 (Ill. 1966). As such, service as court-appointed counsel does not, in itself, constitute a constitutional "taking" without compensation. *Williamson*, 674 F.2d at 1214-15; *Moultrie*, 725 F.2d at 705; *Warner*, 400 S.W.2d at 211. This rationale is all the more compelling when the funds appropriated for appointed counsel have been exhausted. *E.g.*, *Wolff v. Ruddy*, 617 S.W.2d 64 (Mo. 1981) (per curiam), *cert. denied* 454 U.S. 1142 (1982).

However, severe economic hardship is a factor which the court may appropriately consider in deciding whether to permit an attorney to withdraw as counsel. *See, e.g.*, *Wolff*, 617 S.W.2d at 67 (court to consider right to earn a livelihood and to be free from involuntary servitude); *Okeechobee County v. Jennings*, 473 So. 2d 1314, 1315 (Fla. Dist. Ct. App. 1985) (granting motion to withdraw by attorneys claiming that further representation would cause "financial ruination"); *see also Moultrie*, 725 F.2d at 705-06 ("unreasonable amount of required uncompensated service might" constitute a "taking").

Counsel Crew testified that in her nine or ten weeks of practice, she has had to devote about two weeks of that time to this case. She further testified that she receives a salary and hourly rate as an "independent contractor" for Ala'ilima & Associates, and her income is accordingly tied to billable hours she generates for the office. She has asserted monthly expenses exceeding $1300 a month and has claimed that these expenses, combined with a lack of current income and her prospective termination in May, would cause her severe financial hardship. Counsel further claims that her loss of income due to time spent on the defendant's case is exacerbated by the complexities of the case and her inexperience with criminal proceedings. Attorney Charles Ala'ilima testified and confirmed that Ms. Crew has indeed spent 30 to 35 percent of her time "getting up to speed" on criminal-trial procedure. He testified that this has, in turn, created a financial strain on his office; at the same time he is phasing-out much of his practice in American Samoa. In fact, Jill Crew was apparently hired to help clear-out the backlog in Ala'ilima's office, in preparation for its closing.

On the other hand, defendant Wilson still needs counsel for his criminal trial. This court also recognizes the work being done by other members of the bar in representing other indigent defendants during this period of judicial budgetary constraints. A number of attorneys have had to make sacrifices in terms of time and finances. In short, this court

must insure that indigent criminal defendants receive legal representation. Rev. Const. Am. Samoa Art. I, § 6; A.S.C.A. §§ 46.0502(2), 46.1001. At the same time, this court is attempting to mitigate the financial hardships imposed by serving as court-appointed counsel. Nevertheless, each member of the bar, as an officer of the court, must be willing to serve as court-appointed counsel when the need arises.

Given counsel Crew's present and special circumstances, this court grants counsel her motion to withdraw as Wilson's defense counsel and instead appoints Charles Ala'ilima, who is a senior member of the bar, an experienced criminal-law attorney and former district-court judge. This arrangement is subject to the defendant's approval. However, counsel Crew must nonetheless assist counsel Ala'ilima, as he may require, in regards to her previous research and consultations with the defendant. In terms of the more effective employment of time within the office, this arrangement should mitigate the financial hardships to both counsel Crew and Ala'ilima. Of paramount importance, though, is defendant Wilson's constitutional right to counsel, which will be protected by this order of the court.

Upon the written approval of Mr. Wilson, filed with the clerk, the order entered by Judge Hall, aforementioned, shall be amended accordingly.

It is so ordered.