OPINION

SCHRODER, Judge.
This appeal involves an action by a hotel management company to collect a contractual fee for early cancellation of a hotel management contract, plus contractual attorney fees and costs. We believe the amount of the cancellation fee was properly submitted to the jury and affirm in part. However, we opine that the issue of “a reasonable attorney fee” in this case was an issue of law that should have been submitted to the trial court. Thus, we reverse in part and remand.
Appellant, Inn-Group Management Services, Inc., (“Inn Group”), is a hotel management company. On June 9, 1997, Inn Group entered into a Management Agreement with appellees pursuant to which Inn-Group would assume the operation, direction, management, and supervision of the Shoney’s Inn in Georgetown, Kentucky, for the initial term of June 15, 1997 to June 14, 2000. The Management Agreement included a provision for a cancellation fee in the event of early termination, as well as a provision for attorney fees 'and expenses. The relevant provisions in the Management Agreement stated as follows:
7.06 Early Termination. Neither party to this Agreement may terminate this Agreement during the first thirty-six (36) months without a cancellation fee prior to the expiration of the term of this Agreement except for cause. Cause is defined as a material breach of any of the terms of this Agreement which is not cured by the breaching party within thirty (30) days of receiving written notice thereof from the nonbreaching party.
There shall be a cancellation fee to be paid by Owner to Manager for early termination of this Agreement by Owner for any reason other than cause. The cancellation fee for early termination shall be the lesser of six (6) months in fees at a rate of Four Percent (4%) of Gross Receipts or for the remainder of the Management Contract Term.
9.06 Attorney’s Fee. Should either party employ an attorney or attorneys to enforce any of the provisions hereof or to protect its interest in any manner *127 arising under this Agreement, or to recover damages for the breach of this Agreement, the non-prevailing party in any action (the finality of which is not legally contested) agrees to pay the prevailing party all reasonable costs, damages and expenses, including attorneys’ fees, expended or incurred in connection therewith.
On October 9, 1997, appellees terminated the Management Agreement. Inn-Group brought an action to collect the cancellation fee, damages, and attorney fees pursuant to the agreement. Appel-lees contended that the parties mutually agreed to terminate the Management Agreement, and, in addition, counterclaimed for damages alleging that Inn Group had breached the Management Agreement.
A jury trial commenced on May 21, 1999. At trial, Inn Group presented evidence that it was entitled to a cancellation fee of $22,787.00, attorney fees of $23,638.50, and costs of $3,236.21. Inn Group moved for a directed verdict on all issues. The court determined as a matter of law that there was no mutual recission of the contract by the parties (ie., it was terminated without cause), and directed a verdict in favor of Inn-Group on that issue. The court also directed a verdict in Inn-Group’s favor with regard to appel-lee’s counterclaim. Over Inn-Group’s objection, the court submitted to the jury the issues of the amount of the cancellation fee to which Inn Group was entitled pursuant to Section 7.06 of the Management Agreement, and the amount of attorney fees and expenses to which Inn Group was entitled per Section 9.06.
The jury found Inn-Group entitled to a cancellation fee of $11,393.50, attorney fees in the amount of $11,000.00, and costs in the amount of $1,001.00. On June 3, 1999, the court entered judgment in accordance with the jury’s verdict. On June 11, 1999, Inn Group filed a motion for judgment notwithstanding the verdict, which was denied on October 18, 1999. On June 15, 1999, appellees filed a motion to alter, amend or vacate, or, in the alternative, for judgment notwithstanding the verdict or new trial, which was denied on July 26, 1999. This appeal followed.
On appeal, Inn-Group first argues that the trial court should have directed a verdict that Inn-Group was entitled to a cancellation fee of $22,787.00. Inn-Group contends that the circuit court should not have submitted the issue of the amount and calculation of the cancellation fee to the jury, as the evidence of the amount of the cancellation fee to which it was entitled was not controverted. We disagree.
Section 7.06 of the Management Agreement provided for a cancellation fee of 4% of the gross revenues for 6 months. However, at the time of the termination, Inn-Group had only managed the property for three months. At trial, Mark Marshall, the chief financial officer of Inn-Group, testified that he believed the proper way to calculate the cancellation fee under these circumstances was to calculate the gross revenues for the three months that Inn Group had managed the property, multiply that total by two, and take four percent. Marshall stated that gross revenues for these'three months, July, August, and September 1997, were $110,617.00, $95,550.00, and $78,675.00, respectively, for a total of $284,842.00. The appellee did not offer an alternative method of calculation but did question the method of calculation as well as the figures and alleged errors in the calculations.
In reviewing the evidence supporting a judgment entered upon a jury verdict, our role is limited to determining whether the trial court erred in failing to grant the motion for directed verdict:
All evidence which favors the prevailing party must be taken as true and the *128 reviewing court is not at liberty to determine credibility or the weight which should be given to the evidence, these being functions reserved to the trier of fact. Kentucky & Indiana Terminal R. Co. v. Cantrell, 298 Ky. 743, 184 S.W.2d 111 (1944), and Cochran v. Downing, Ky., 247 S.W.2d 228 (1952). The prevailing party is entitled to all reasonable inferences which may be drawn from the evidence. Upon completion of such an evidentiary review, the appellate court must determine whether the verdict rendered is “ ‘palpably or flagrantly' against the evidence so as ‘to indicate that it was reached as a result of passion or prejudice.”’ NCAA v. Hornung, Ky., 754 S.W.2d 855, 860 (1988). If the reviewing court concludes that such is the case, it is at liberty to reverse the judgment on the grounds that the trial court erred in failing to sustain the motion for directed verdict. Otherwise, the judgment must be affirmed.
Lewis v. Bledsoe Surface Mining Co., Ky., 798 S.W.2d 459, 461-62 (1990).
Here, evidence was presented that the appellant miscalculated the damage calculations for the manager’s salary and later admitted error in even including it as part of damages, that the summer months produce more revenue than other months, and that other methods of calculation existed. There was also evidence that the receipts did not match the deposits. We conclude, based upon our review of the record, that the jury’s verdict is based upon substantial evidence, and it was not reached as a result of passion or prejudice. The trial court did not err in denying Inn-Group’s motion for directed verdict.
Inn-Group further argues that the trial court should have directed a verdict for the full amount of Inn-Group’s attorney fees and expenses. Inn Group contends that the evidence of these amounts was uncontroverted, and the reasonableness of the fees and expenses was an issue for the court, not the jury. Inn Group cites Capitol Cadillac Olds, Inc. v. Roberts, Ky., 813 S.W.2d 287 (1991), for authority, and postulates that to the extent the appel-lee’s case, Roederer v. Schmitt, 258 Ky. 398, 80 S.W.2d 35 (1935), says otherwise, it has been implicitly overruled.
Our initial review of the two cases does reveal two different holdings. Further research reveals two lines of cases. One line of cases holds that a reasonable attorney fee is an issue of fact, for the jury. The second line of cases holds that a reasonable attorney fee is an issue of law, for the trial court. The first line of cases is represented by:
Smith v. Grauman, Ky., 272 S.W.2d 649 (1954);[1]
Williams v. King, 295 Ky. 749, 175 S.W.2d 354 (1943);[2]
Roederer, 258 Ky. 398, 80 S.W.2d 35;[3]
Snyder v. Howard’s Adm’x., 251 Ky. 592, 65 S.W.2d 477 (1933);[4]
*129 Baxter v. Hubbard, 242 Ky. 751, 47 S.W.2d 743 (1932);[5]
Wilhelm v. Hendrick, 177 Ky. 296, 197 S.W. 836 (1917);[6] and
Wilhelm v. Hendrick, 167 Ky. 219, 180 S.W. 516 (1915).[7]
The cases holding that attorney fees are an issue of fact for the jury stem from the wording in Section 7 of our present Kentucky Constitution which states that “trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution.” Of course, back in the earlier days, there were common-law dockets and equity dockets, with a general understanding that the right to a jury trial only applied to common-law dockets — not to equity dockets. Carder v. Weisengburg, 95 Ky. 135, 23 S.W. 964 (1893). Handley v. Graham, 187 Ky. 316, 219 S.W. 417, 419 (1920), recognized that “the right to a jury trial does not extend to all cases, but is limited now as it was at common law.” However, Meyers v. Chapman Printing Co., Ky., 840 S.W.2d 814 (1992), made it clear that even when a cause of action is created by statute, it is still a damage suit like common-law actions and the parties have a right to a jury trial. However, the Meyerscase does not extend the right to a jury trial in statutory actions to the request for statutory attorney fees created by the statute which created the cause of action.
Another line of cases holds that an award of a reasonable attorney fee is an issue of law for the trial court to determine. These cases are represented by:
Alexander v. S & M Motors, Inc., Ky., 28 S.W.3d 303 (2000);[8]
Giacalone v. Giacalone, Ky.App., 876 S.W.2d 616 (1994);[9]
Dingus v. FADA Service Co., Inc., Ky.App., 856 S.W.2d 45 (1993);[10]
Meyers v. Chapman Printing Co., Inc., Ky., 840 S.W.2d 814 (1992);[11]
Capitol Cadillac Olds, Inc. v. Roberts, Ky., 813 S.W.2d 287 (1991);[12]
*130 Duff v. Bank of Louisville & Trust Co., Ky., 705 S.W.2d 920 (1986);[13] and
Woodall v. Grange Mutual Casualty Co., Ky., 648 S.W.2d 871 (1983).[14]
The two lines of cases neither overrule nor distinguish cases in the other line. A more detailed analysis reveals a distinction which provides us with a simple test. What constitutes a reasonable attorney fee is an issue of fact when the action is between an attorney and client to collect or defend a fee for representation. It is an issue of law when the attorney and/or client seeks to recover a reasonable attorney fee from an opposing or third party. In the latter cases, the attorney fee is an ancillary issue subject to different public policies or “polar stars”,[15] as discussed in these cases, to motivate the attorney to represent the client in what is usually a statutory cause of action. However, we recognize it is not always a statutory cause of action as pointed out in Capitol Cadillac Olds, Inc. wherein both the contract and a statute provided for a 15% attorney fee. Whether it was a contracted fee or a statutory fee did not seem to matter to the Court. What did matter is that the fee was being paid by the opposing party and, again, the Court held it was an issue for the trial court.
Applying the simple test to the facts in the case sub judice, we note that the dispute on the attorney fee is not between the attorney and his client but the attorney and client against the -other party. Therefore, the issue of a reasonable attorney fee is an issue of law for the trial court and the trial court erred in submitting the issue to the jury.
For the foregoing reasons, the judgment of the Scott Circuit Court is affirmed in part, reversed in part, and this case is remanded for further proceedings consistent with this opinion.
ALL CONCUR.

. This was an action by an attorney to recover an attorney fee based on a written contract. The Court held it would have been a jury issue, but the Court nevertheless directed a verdict for insufficient evidence.

. This was a collection action on a note wherein the maker was an attorney. His defense was satisfaction based on part payment and the balance in the reasonable value of legal services performed for the lender. The Court held that the evidence of legal services performed was insufficient to send to the jury which was to determine the reasonable value of those services.

. An action by an attorney to collect a legal fee from the client.

. An attorney agreed to do collection work for 50% of the amount recovered. The client’s assignee sued the attorney to collect its 50% *129 of the interest on appeal. The issue of attorney fees was sent to the jury.

. An attorney sued a client for a fee in representation. Held, a reasonable fee is a jury issue.

. An attorney sued a client for a fee in representation. Held, a reasonable fee is a jury issue.

. An attorney sued a client for a fee in representing a client in equity court. The attorney fee was held to be a jury issue.

. The Kentucky Consumer Protection Act authorizes a successful consumer to request or award an attorney fees. The Act [KRS 367.220(3)] specifically provides that the Court should make the award based on the purpose and intent of the Act in awarding attorney fees. The Court begins with a "polar star” figure but then makes numerous adjustments based on the purposes of the Act and the effect the award will have on future suits.

. This appeal stems from a post divorce request to increase child support and included a request for attorney fees. The court held that in domestic actions, the amount, if any, of attorney fees is an issue for the court.

. In a corporate dissolution, the trial court appointed the corporation's law firm to preserve the assets and administer the corporation during the proceedings. The court held the attorney fee was an issue for the court.

. The Civil Rights Act provides for an award of attorney fees to a successful litigant. Held, the attorney fee is an issue of law for the court even though a jury decides the issue of fact as to the civil right violations.

. A retail installment contract provided for a 15% attorney fee if referred for collection. A statute (KRS 190.100(l)(d)) also provided for payment of attorney fees not to exceed 15%. Held to be an issue for the court.

.A class action by makers of installment loans to have the loans declared usurious. The loans contained a provision for attorney fees. After finding the loans did not violate the usury statute, the court discussed the right to collect attorney fees from the opposing party. In adopting the circuit court's language, our Supreme Court noted: “Prior to July 15, 1980, the right to collect an attorney’s fee was limited to loans made under certain statutes, including KRS 287.215(3). In cases where the fee was disallowed, the courts uniformly held them to be unenforceable as against public policy ...” Id. at 924. On July 15, 1980, KRS 453.250 became effective which allowed writings which created a debt to include a provision for a reasonable attorney fee. The court held the issue of "reasonableness” is an issue for the trial court.

. This case involved an attorney representing a client in a tort action (auto accident). The client’s insurance company was reimbursed after the attorney won. A statute (KRS 304.39-070(5)) provided for a reasonable attorney fee and the Supreme Court held it should be set by the trial court.

. Compare the "polar star” figure or goal with the “lodestar figure” which is a base figure of time times rate to which we add or subtract. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).